1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PETER T. PETRICH (WSB # 8316)
*Pro Hac Vice*
DAVIES PEARSON, P.C.
920 Fawcett—P.O. Box 1657
Tacoma, WA 98401
Telephone: (253) 620-1500
Facsimile: (253) 572-3052
ppetrich@dpearson.com

JAMES SMITH (Cal. Bar #190050)
*Local Counsel*
SMITH LILLIS PITHA, LLP
400 Montgomery Street, Suite 501
San Francisco, CA 94101
(415) 814-0404
Fax: (415) 217-7011
jsmith@slplawfirm.com

Attorneys for Defendant CH$_2$O, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERAS ENGINEERING INC., a California corporation, RICH BERNIER and JAY SUGHROUE,<br><br>Plaintiffs,<br><br>v.<br><br>CH$_2$O, Inc., a Washington Corporation<br><br>Defendants. | Case No. 11-0389 LB<br><br>**MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF AND UNFAIR COMPETITION AND MEMORANDUM IN SUPPORT THEREOF**<br><br>Date:     April 21, 2011<br>Time:     11:00 a.m.<br>Dept.:    Courtroom #4<br>Judge:   Hon. Laurel Beeler |

**MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF AND UNFAIR COMPETITION AND MEMORANDUM IN SUPPORT THEREOF**
11-0389, LB
Page 1 of 11
js / c:\documents and settings\james\local settings\temporary internet files\content.outlook\6ffn2qn9\mtd--declaratory judgment ndca v 2.doc

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

# I.  MOTION

COMES NOW Defendants CH$_2$O, Inc., by and through its attorneys, PETER T. PETRICH and DAVIES PEARSON, P.C., *pro hac vice*, and moves this Court to dismiss this action for declaratory judgment and unfair competition on the following grounds:

1.  Defendants filed an action in the Superior Court for the State of Washington in and for the County of Thurston, Cause No. 11-2-00323-7, involving the same issues and parties as are involved in the present action.

2.  Plaintiffs have removed the Thurston County, Washington matter to the United States District Court, Western District of Washington (3:11-cv-05153-RJB) and have filed a Motion to Dismiss, Stay, or in the Alternative, Transfer Venue and Jurisdiction to the US District Court, Northern District of California.  This motion is currently set for hearing on April 8, 2011.

3.  The issues involved in both proceedings are fully determinable by the pending proceeding in the US District Court for the Western District of Washington.

4.  The rights of the parties to this declaratory judgment action will not be unreasonably jeopardized by delay or otherwise if this action is dismissed in the Northern District of California.

**MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF AND UNFAIR COMPETITION AND MEMORANDUM IN SUPPORT THEREOF**
11-0389, LB
Page 2 of 11
js / c:\documents and settings\james\local settings\temporary internet files\content.outlook\6ffn2qn9\mtd--declaratory judgment ndca v 2.doc

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

5.     The plaintiffs filed this declaratory judgment action in anticipation of the Thurston County Superior Court action filed by the defendants.

6.     The plaintiffs engaged in forum shopping in bringing this action. This Motion to Dismiss Plaintiff's Complaint for Declaratory Relief and Unfair Competition is based on the subjoined Memorandum.

DATED this 9th day of March, 2011.

DAVIES PEARSON, P.C.


_____
          / s /
PETER T. PETRICH, WSB #8316
*Pro Hac Vice*
Attorneys for Defendant


## II.  MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

### A.     *Introduction and Statement of Facts*

CH$_2$O, Inc., a Washington corporation, entered into employment agreements with Rich Bernier and Jay Sughroue which explicitly stated the terms under which CH$_2$O, Inc., agreed to employ them. These agreements contained express provisions agreeing that they were governed by Washington State law and that any litigation arising from or related to the agreements would be subject to jurisdiction in the "courts of the state of Washington and that venue shall be in Thurston County." (Exhibit A, ¶

**MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF AND UNFAIR COMPETITION AND MEMORANDUM IN SUPPORT THEREOF**
11-0389, LB
Page 3 of 11
js / c:\documents and settings\james\local settings\temporary internet files\content.outlook\6ffn2qn9\mtd--declaratory judgment ndca v 2.doc

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

13).[1] Thus, the agreements contained both choice of law and forum selection provisions.

The parties freely negotiated and entered these agreements governed by, and valid under, Washington law. Among the provisions contained in these agreements are provisions preventing Mr. Bernier and Mr. Sughroue from competing with $CH_2O$, Inc. for a reasonable time after ceasing to be employed by $CH_2O$, Inc. and within a reasonable geographical area. (Exhibit A, ¶6). These provisions are valid and enforceable under Washington law.  Nevertheless, the Washington State action does not seek to prevent Mr. Bernier or Mr. Sughroue from working with a competitor.  Rather, the Washington litigation seeks to protect $CH_2O$'s trade secrets, property information and data, and restrain Mr. Bernier and Mr. Sughroue from soliciting their former $CH_2O$ customers.

Despite the valid employment agreements governing their relationship with $CH_2O$, Inc., after working for $CH_2O$, Inc. for about one year, Mr. Bernier and Mr. Sughroue voluntarily terminated their employment with $CH_2O$, Inc. on January 25, 2011. Then, on January 26, 2011, Mr. Bernier and Mr. Sughroue began working for Meras Engineering, Inc. Also, on January 26, 2011, Mr. Bernier and Mr. Sughroue, along with their new employer, Mersas Engineering, Inc., filed this declaratory judgment action in this Court.

---

[1] Copies of the pertinent employment agreements are attached as Exhibit A to Plaintiffs' operative Complaint and are cited throughout as "Exhibit A."

**MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF AND UNFAIR COMPETITION AND MEMORANDUM IN SUPPORT THEREOF**
11-0389, LB
Page 4 of 11
js / c:\documents and settings\james\local settings\temporary internet files\content.outlook\6ffn2qn9\mtd--declaratory judgment ndca v 2.doc

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*B.*   *Issue Presented*

District courts have no obligation to decide declaratory judgment actions and have broad discretion to dismiss such actions. In exercising that discretion, district courts consider the circumstances as of the time they rule on requests for a declaration and consider several factors, including: whether the parties can fully resolve all issues in a pending state court action and whether the plaintiff filed suit in anticipation of litigation from the defendant. The plaintiffs filed suit on the first day that $CH_2O$, Inc. had a possible cause of action and there is now a pending state action in which all matters at issue may be fully litigated. Should this court grant this Motion to Dismiss the Declaratory Judgment and Unfair Competition action?

*C.*   *Argument*

a.   *This Court Is Well Within Its Discretion to Dismiss The Declaratory Action*

This Court should dismiss the Complaint for Declaratory Judgment and Unfair Competition because the Plaintiffs filed suit in California in anticipation of suit by $CH_2O$, Inc. in Washington. The Supreme Court has long declared that federal courts have broad discretion in granting motions to dismiss declaratory actions. *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). This discretion to dismiss declaratory actions extends even to cases where the federal court has jurisdiction and district courts are under "no compulsion to exercise that jurisdiction." *Id*. This extensive discretion to dismiss declaratory actions exists because the Declaratory Judgment Act is "enabling […and] confers discretion on the courts

**MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF AND UNFAIR COMPETITION AND MEMORANDUM IN SUPPORT THEREOF**
11-0389, LB
Page 5 of 11
js / c:\documents and settings\james\local settings\temporary internet files\content.outlook\6ffn2qn9\mtd--declaratory judgment ncda v 2.doc

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

1  rather than an absolute right on the litigants." *Wilton v. Seven Falls Co.,* 515 U.S. 277,

2  289-90, 115 S.Ct. 2137, 132 L.Ed. 214 (1995). Indeed, the Supreme Court found that

3  the Declaratory Judgment Act creates an opportunity – not a duty – for the courts to

4  grant relief in certain instances but that federal courts are not obligated to issue

5  declaratory judgments. *Id.* at 288.

6        Underlying this broad discretion are policies in favor of judicial economy,

7  federalism, equity, and opposition to forum shopping. As the Court found in *Brillhart:*

8        Ordinarily it would be uneconomical as well as vexatious
        for a federal court to proceed in a declaratory judgment suit
9        where another suit is pending in a state court presenting the
        same issues, not governed by federal law, between the
10        same parties.

11  *Brillhart,* 316 U.S. at 495. The Court has enumerated a non-exhaustive list of factors

12  courts should consider in determining whether or not to exercise their jurisdiction in

13  declaratory actions when there is a case between the same parties regarding the same

14  issues pending in state court.  These factors include:

15     •   Whether the issues could be better settled in a proceeding pending
16          in state court; *Brillhart,* 316 U.S. at 495.

17     •   Whether the declaratory action filing was reactive; *Wilton,* 515
          U.S. at 280.
18
       •   Whether the declaratory action would result in piecemeal
19          litigation; *Id.* And,

20     •   Whether the declaratory action filing constituted forum shopping.
          *Id.*
21

22        This declaratory action meets each of the above-enumerated factors.  The issues

23

24  **MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR**
    **DECLARATORY RELIEF AND UNFAIR COMPETITION**                  DAVIES PEARSON, P.C.
    **AND MEMORANDUM IN SUPPORT THEREOF**                          ATTORNEYS AT LAW
25  11-0389, LB                                                    920 FAWCETT -- P.O. BOX 1657
    Page 6 of 11                                                  TACOMA, WASHINGTON 98401
                                                                  TELEPHONE (253) 620-1500
26  js / c:\documents and settings\james\local settings\temporary internet   TOLL-FREE (800) 439-1112
    files\content.outlook\6ffn2qn9\mtd--declaratory judgment ndca v 2.doc     FAX (253) 572-3052

in this declaratory action could be more expediently resolved in the pending

Washington District Court action.  The relationship between $CH_2O$, Inc., Mr. Bernier

and Mr. Sughroue is governed by the Employment Agreements and those Agreements

are subject to the laws of the State of Washington and subject to an exclusive forum

selection provision in Thurston County, Washington.  Indeed, within one week of Mr.

Bernier and Mr. Sughroue beginning work for Meras Engineering, Inc., $CH_2O$, Inc.

filed suit in Thurston County Superior Court, the venue specifically selected in the

Employment Agreements at issue.  The pending state court action arises directly out of

Mr. Bernier and Mr. Sughroue's breach of their Employment Agreements and

encompasses all of the issues of the declaratory action. Moreover, in the state court

action, $CH_2O$, Inc. elected not to name Meras Engineering, Inc. as a party and not to

challenge Mr. Bernier and Mr. Sughroue's ability to work for Meras Engineering, Inc.,

notwithstanding their agreement not to compete.  Instead, $CH_2O$, Inc. is focused on

seeking redress for its breached employment contract and protecting its trade secrets.

Furthermore, this declaratory action was filed in reaction to anticipated

litigation in Thurston County, Washington and would result in piecemeal litigation if it

is not dismissed.  Specifically, the Plaintiffs filed this declaratory action on the same

day that they began working for Meras Engineering, Inc  As they filed this suit the

very day that they breached their employment agreements, the only reasonable

conclusion is that they intended to win the race to the courthouse and preempt $CH_2O$,

Inc. from bringing suit for breach of employment contract in the parties' predetermined

**MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR**
**DECLARATORY RELIEF AND UNFAIR COMPETITION**
**AND MEMORANDUM IN SUPPORT THEREOF**
11-0389, LB
Page 7 of 11
js / c:\documents and settings\james\local settings\temporary internet
files\content.outlook\6ffn2qn9\mtd--declaratory judgment ndca v 2.doc

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

forum. Since the parties' relationship is controlled by the Employment Agreements which are subject to Washington laws and suit is underway in the District Court in Washington, judicial inefficiency and piecemeal litigation is certain to result if this declaratory judgment action continues.

As the preemptive declaratory judgment filing in the Northern District of California based on Diversity of Citizenship would apply the laws of the State of California—which differ from the laws expressly governing the parties' Employment Agreements—Mr. Bernier and Mr. Sughroue apparently intended to circumvent their freely negotiated Employment Agreements and shop for what they perceived to be a more favorable forum in which to litigate their breach of their Employment Agreements. Such action undoubtedly constitutes forum shopping and weighs in favor of this court dismissing this declaratory action.

     **b.**   *The First-Filed Declaratory Judgment Action Is Not In "Preferred Position" And Dismissal In Favor Of The State Court Action Is Proper*

Even though this declaratory action was filed days before the action in Thurston County, a district court's discretion in dismissing declaratory actions is not hindered by the "First to File Rule," as such a mechanical rule would run afoul of the purpose of the Declaratory Judgment Act. For example, in *Wilton,* the Supreme Court upheld the district court's discretion in dismissing the diversity of citizenship-based declaratory action in favor of a state court action between the parties concerning the same issues even though the state court action was filed a month after the declaratory action. *Wilton,* 515 U.S. at 280. There, since the declaratory action was filed in anticipation of

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

1    state court litigation and suit in state court was timely brought, the Supreme Court

2    ratified the district court's exercise of its discretion to stay the declaratory action to

3    avoid piecemeal litigation and to thwart forum shopping. *Id.* Thus, district courts are

4    within their discretion to stay declaratory actions "where parallel proceedings,

5    presenting opportunity for ventilation of the same issues, [are] underway in state court."

6    *Id.* at 290.

7        The Ninth Circuit adopted the plain meaning of the Supreme Court's *Wilton*

8    holding and found:

9        The Court's holding in *Wilton* makes clear that a district
10       court may consider the circumstances as they exist at the
         time it rules on a request for declaration. Thus, […] a
11       district court is authorized, in the sound exercise of its
         discretion, to stay or dismiss an action seeking declaratory
12       judgment before trial or after all arguments have drawn to a
         close.
13

14   *Polido v. State Farm Mutual Automobile Ins. Co.,* 110 F.3d 1418, 1422 (9th Cir. 1997),

15   overruled on other grounds. Therefore, this Court would be well within its discretion to

16   grant this Motion to Dismiss in favor of the Washington action because that action is

17   currently pending and provides a suitable—and pre-agreed—forum for the parties to

18   adjudicate all issues relating to their Employment Agreements.

19       Moreover, the *Polido* Court found that the proper inquiry in determining whether or

20   not to exercise its discretion in reaching the merits of a declaratory action is:

21       whether or not there [is] a procedural vehicle available to
         the [declaratory judgment plaintiff] in state court […] if a
22       state court remedy is available […], the district court must
         consider whether circumstances exist that overcome the
23

24   **MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR**
     **DECLARATORY RELIEF AND UNFAIR COMPETITION**
     **AND MEMORANDUM IN SUPPORT THEREOF**
25   11-0389, LB
     Page 9 of 11
26   js / c:\documents and settings\james\local settings\temporary internet
     files\content.outlook\6ffn2qn9\mtd--declaratory judgment ndca v 2.doc

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

1    *'presumption that the entire suit should be heard in state
     court'* to prevent forum shopping and piecemeal litigation
2    of complex state law issues.

3    *Id.* at 1423, citing *Chamberlain v. Allstate Ins. Co.,* 931 F.2d 1361, 1367 (9th Cir. 1991),

4    emphasis added.  Here, there is a procedural vehicle available to Mr. Bernier and Mr.

5    Sughroue in the Washington suit.  As they agreed to litigate all disputes arising out of

6    their Employment Agreements in Thurston County and there is a suit currently pending

7    there, they are unable to surmount the presumption that their entire dispute should be

8    litigated in Washington to prevent forum shopping and piecemeal litigation.

9         To allow Mr. Bernier and Mr. Sughroue to circumvent their Employment

10   Agreements would thwart the forum selection clause they agreed to with CH$_2$O, Inc., and

11   would be contrary to the purposes of the Declaratory Judgment Act. Indeed, as the Ninth

12   Circuit recently decided:

13            The fact that the [declaratory judgment plaintiffs] won the
              race to the courthouse by several days does not place
14            [them] in preferred position. In *Wilton*, the Supreme Court
              suggested that the order of filing is legally insignificant
15            when it ruled in favor of a state action filed several weeks
              after a federal action.
16

17   *Huth v. Hartford Ins. Co. of the Midwest,* 298 F.3d 800, 804 (9th Cir. 2002).  Therefore,

18   despite the fact that the declaratory action was filed days before the state court action,

19   Mr. Bernier, Mr. Sughroue and Meras Engineering, Inc. are not in preferred position.

20   Rather, the fact that they filed first in time by a few days is legally insignificant in

21   determining priority. Therefore, this Court should dismiss the declaratory action in favor

22   of the Washington action because the order of filing is not dispositive and the preemptive

23

24   **MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR
     DECLARATORY RELIEF AND UNFAIR COMPETITION
     AND MEMORANDUM IN SUPPORT THEREOF**
25   11-0389, LB
     Page 10 of 11
26   js / c:\documents and settings\james\local settings\temporary internet
     files\content.outlook\6ffn2qn9\mtd--declaratory judgment ndca v 2.doc

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

1    declaratory action filing constituted forum shopping and would lead to piecemeal

2    litigation if allowed to continue.

3          **D.     Conclusion**

4          This Court should exercise its broad discretion and dismiss the declaratory

5    action because the parties have pending litigation on the same issues in state court and

6    allowing the declaratory action to continue would allow Mr. Bernier and Mr. Sughroue

7    to engage in forum shopping and result in piecemeal litigation.

8

9    DATED this 9th day of March, 2011.

10                                   DAVIES PEARSON, P.C.

11

12

13                                   _____/ s /_____
                                     PETER T. PETRICH, WSB #8316
14                                   *Pro Hac Vice*
                                     Attorneys for Defendant
15

16

17

18

19

20

21

22

23

24   **MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR
     DECLARATORY RELIEF AND UNFAIR COMPETITION**                    DAVIES PEARSON, P.C.
     **AND MEMORANDUM IN SUPPORT THEREOF**                           ATTORNEYS AT LAW
25   11-0389, LB                                                 920 FAWCETT -- P.O. BOX 1657
     Page 11 of 11                                              TACOMA, WASHINGTON 98401
26   js / c:\documents and settings\james\local settings\temporary internet    TELEPHONE (253) 620-1500
     files\content.outlook\6ffn2qn9\mtd--declaratory judgment ndca v 2.doc    TOLL-FREE (800) 439-1112
                                                                    FAX (253) 572-3052