DAWN M. ROSS (SBN 143028)
PHILIP J. TERRY (SBN 148144)
CARLE, MACKIE, POWER & ROSS LLP
100 B Street, Suite 400
Santa Rosa, California 95401
Telephone: (707) 526-4200
Facsimile: (707) 526-4707

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERAS ENGINEERING INC., a California corporation, RICH BERNIER and JAY SUGHROUE,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>CH$_2$O, Inc., a Washington Corporation,<br><br>　　　　　　Defendant(s). | **Case No. 11-0389 LB**<br><br>PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS<br><br>Date: May 5, 2011<br>Time: 11:00 AM<br>Dept: Courtroom #4<br>Judge. Hon. Laurel Beeler |

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................. 1

II. PARTIES AND THEIR COUNSEL ................................................................. 1

III. PROCEDURAL POSTURE ............................................................................ 2

IV. EXHIBITS ....................................................................................................... 2

V. STATEMENT OF THE CASE......................................................................... 3

VI. ARGUMENT................................................................................................... 5

    A. Procedural Irregularities With The Moving Papers............................. 6

    B. Defendant's Memorandum Of Law Is Not Helpful To Defendant's Position... 6

    C. The First-To-File Rule .......................................................................... 8

    D. A Review Of Defendant's Motion Shows No Merit To The Motion ................... 9

    E. The Forum Selection Clause............................................................... 11

    F. Objections To Evidence...................................................................... 12

VII. CONCLUSION ............................................................................................. 12

# TABLE OF AUTORITIES

**Cases**

*Alltrade, Inc. v. Uniweld Products, Inc.*
  (9th Cir. 1991) 946 F.2d 622 .................................................................................. 8

*Brillhart v. Excess Insurance Co.*
  (1942) 316 U.S. 491 ........................................................................................... 6, 7

*Intersearch Worldwide, LTD v. Intersearch Group, Inc.*
  (N.D. Cal. 2008) 544 F. Supp.2d 949 .................................................................9, 10

*Scott v. Snelling and Snelling, Inc.*
  (N.D. Cal. 1990) 732 F.Supp. 1034 ...................................................................... 12

*Wilton v. Seven Falls Co.*
  (1995) 515 U.S. 277 .............................................................................................. 7

**Statutes and Rules**

28 U.S.C. § 1404(a) ................................................................................................2, 11

Business and Professions Code § 16600 .................................................................. 11

Federal Rules of Civil Procedure Rule 7(b)(1)(B) ......................................................... 6

Federal Rules of Civil Procedure Rule 12(b) .............................................................. 12

**Treatises**

California Practice Guide, *Employment Litigation* (Rutter) ¶14:260 ............................ 11

California Practice Guide, *Employment Litigation*, (Rutter) ¶14:300 ........................... 11

Rutter, Federal Civil Procedure Before Trial, ¶10:45 .................................................... 7

Rutter, Federal Civil Procedure Before Trial, ¶10:50 .................................................... 7

Rutter, Federal Civil Procedure Before Trial, ¶10:50.1 ................................................. 7

Rutter, Federal Civil Procedure Before Trial, ¶10:50.2 ................................................. 7

Rutter, Federal Civil Procedure Before Trial, ¶10:53 .................................................... 7

Rutter, Federal Civil Procedure Before Trial, ¶2:1329.11 ............................................. 6

# I.
# INTRODUCTION

This case involves a dispute between an employer, two former employees and their new employer. The employees, plaintiffs in this action, ask this court to make a determination that they may continue to work for their new employer, that what their former employer is trying to do is in violation of the law, that they may continue to work in their chosen field, and that should not be required to send 25% of their new income to their former employer as liquidated damages. The employees' current employer asks that the court allow their new employees to contact clients, sell its product and service its customers.

Defendant/former employer asks this court to dismiss this action. The statutory basis of that dismissal request is unclear but the gist of it is that defendant wants the matter to proceed in another court. After this action was filed, defendant filed its own action in the Western District of Washington. Defendant (there the plaintiff) asks this court to dismiss this action so that it can proceed in that second-filed action.

# II.
# PARTIES AND THEIR COUNSEL

Plaintiffs are Rich Bernier, Jay Sughroue and their new employer, Meras Engineering. All three are represented by Dawn Ross and Philip J. Terry of Carle, Mackie, Power and Ross, LLP in Santa Rosa. All three are California residents.

Defendant is CH2O, the former employer of Mr. Bernier and Mr. Sughroue. CH2O is a Washington corporation. CH2O is represented by Peter Petrich, *Pro Hac Vice*, of Davies Pearson, P.C. in Tacoma Washington and by James Smith of Smith, Lillis Pitha, LLP in San Francisco.

//
//
//
//

## III.

## PROCEDURAL POSTURE

This case was filed on January 26, 2011. It contains a request for declaratory relief and asserts unfair competition claims against defendant CH2O. The focus of the complaint is the employment contracts between CH20 and Mr. Bernier and Mr. Sughroue. That complaint was served on February 10, 2011. The complaint was later amended to add additional claims. The amended complaint was filed on February 28, 2011 and served on March 10, 2011.

In response to this action, defendant filed its own action. [Exhibit A]. Defendant's action asserts that the employment contracts are valid and binding and it asks for declaratory relief as to the validity of those contracts. Defendant filed the second action in the Washington State Superior Court and the case was timely removed to the United States District Court for the Western District of Washington. [Exhibit B]. It is designated as case number 3:11-cv-05153-RJB.

The Washington case is still pending, although a motion to dismiss is before that court. Because of the second-filing nature of that action, plaintiffs in this action (defendants in the Washington case) filed a motion to dismiss the Washington action. The grounds for dismissal of the Washington case are the First To File Rule, lack of jurisdiction over the defendants in that action, discretionary transfer under 28 U.S.C. § 1404(a) and *forum non conveniens*. That motion has been fully briefed but no hearing date has been set by the court.

## IV.

## EXHIBITS

| Exhibit Designation | Description of the Exhibit | Date of the Exhibit |
|---|---|---|
| A | Defendant CH2O's complaint. | 02/02/11 |
| B | Notice of Removal to the United States District Court for the Western District of Washington. | 02/24/11 |
| C | Declaration of plaintiff Rich Bernier: USDC (W.D. Wash).<br>• This declaration references an | 03/03/11 |

|   |   |   |
|---|---|---|
|   | Exhibit A (the subject employment agreement); that employment agreement/exhibit is separately attached to this motion as Exhibit D, below. |   |
| D | Employment Agreement of Rich Bernier (originally attached as Exhibit A to the 3/3/11 Declaration of Rich Bernier submitted to the USDC W.D. Wash) | 12/02/09 |
| Separately filed document | Declaration of plaintiff Rich Bernier: USDC (N.D. Cal). | 04/14/11 |
| E | Declaration of plaintiff Jay Sughroue: USDC (W.D. Wash).<br>• This declaration references an Exhibit A (the subject employment agreement); that employment agreement/exhibit is separately attached to this motion as Exhibit F, below. | 03/03/11 |
| F | Employment Agreement of Jay Sughroue (originally attached as Exhibit A to the 3/3/11 Declaration of Jay Sughroue submitted to the USDC W.D. Wash) |   |
| Separately filed document | Declaration Of Plaintiff Jay Sughroue: USDC (N.D. Cal). | 04/14/11 |
| G | Declaration of Bryan O'Connell of plaintiff Meras Engineering: USDC (W.D. Wash). | 04/07/11 |
| Separately filed document | Declaration of Philip J. Terry in opposition to motion to dismiss. | 04/14/11 |
| H | Letter from counsel for CH2O, Peter T. Petrich, to plaintiffs' counsel, Dawn M. Ross. | 01/31/11 |

V.

**STATEMENT OF THE CASE**

Plaintiff Rich Bernier has been a California resident since 1994. [Exhibit C, 2:16-17]. When he moved there, he was an employee of defendant CH2O. [Exhibit C, 2:15-17]. CH2O terminated his employment about a year later. [Exhibit C, 2:17-20]. Mr. Bernier ran two other water-related companies over the years until CH2O asked him to return to its employment in early 2007. [Exhibit C, 2:21-3:16]. He agreed. [Exhibit C, 3:20-21].

//
//

Mr. Bernier worked again for CH2O from 1997 to early 2011. [Exhibit C, 3:21-23; 5:16]. This second round of employment came with an employment contract containing several provisions which are contrary to California law. [Exhibit D; Exhibit C, 3:24-27]. The agreement indicates that he may not be involved in any business similar to defendant's for three years after leaving his employment with defendant and that he may not sell to anyone that was once a customer of defendant for that three-year period as well[1]. [Exhibit D, ¶1(K)(6)(a)-(b)].

The agreement written for Mr. Bernier also contained a liquidated damages provision. [Exhibit D, ¶J(9)]. The language of this paragraph is not the clearest ever written but potentially exposes Mr. Bernier to paying defendant 25% of all sales Mr. Bernier makes for some indeterminate time. [Exhibit D, ¶J(9)]. Because Mr. Bernier now works for another company, plaintiff Meras Engineering, it would seem that Meras Engineering would be exposed to that liquidated damages provision of 25% of all sales made.

The entire time that Mr. Bernier worked for defendant, he lived and worked in California. [Exhibit C, 1-3]. He signed the employment contract in California and served California customers. [Exhibit C, 4:3-7]. He did not live in Washington, he did not work in Washington, and he did not sell to customers in Washington. [Exhibit C, 4:1-9].

Jay Sughroue is a plant geneticist who has lived in California for ten years. [Exhibit E, 2:15-16]. He worked for CH2O from December of 2009 until January of 2011. [Exhibit E, 3:7, 4:22]. He, too, signed an employment contract with defendant CH2O. [Exhibit E 3:9-11]. That agreement contained similar provisions to the one that defendant wrote for Mr. Bernier. [Exhibit E, 3:7-11; Exhibit F]. The language of the agreement indicates that Mr. Sughroue may not work for any similar business for two

---

[1] While defendant's motion states that defendant has no intention of keeping either Mr. Bernier or Mr. Sughroue from working for Meras Engineering, the underlying case in USDC, W.D. Wash asks for an injunction against exactly that. [Exhibit A, ¶2.2, Prayer, ¶1-2].
Moreover, correspondence from defendant's counsel indicates that defendant very much intends to seek liquidated damages from Mr. Bernier even while at the same time saying that CH2O was not going to enforce the noncompete clause. [Exhibit H].

4     OPPOSITION POINTS & AUTHORITIES RE DEFENDANT'S MOTION TO DISMISS

years and that he may not sell to anyone who was a customer of defendant in the last two years. [*Id.*] There is no liquidated damages language in Mr. Sughroue's agreement. [*Id.*]

Both defendants now work for a California company, Meras Engineering, Inc. [Exhibit C, ¶18; Exhibit E, ¶22]. They are establishing contacts with customers in California, selling to California customers, and servicing those California customers. [Dec. of Rich Bernier, ¶2; Dec. of Jay Sughroue, ¶2].

Most, if not all, of the witnesses in this case will be California residents. The new employer, Meras Engineering, is a California company located entirely within the State of California. [Exhibit G, ¶4]. There are at least five employees of Meras Engineering with knowledge of facts pertinent to the claims asserted between the parties; each of these persons is a California resident. [Exhibit G, ¶7]. The big customer in dispute is a California office of Crop Production Services ("CPS"); the persons at CPS with information germane to the dispute number at least a dozen and they are all California residents. [Exhibit G, ¶9, ¶10, ¶11]. Dozens more people are current customers of plaintiff Meras Engineering; all of those customers are California residents. [Exhibit G, ¶8, ¶11]. In addition, each of the plaintiffs is a California resident. [Exhibit C, 2:16-17; Exhibit E, 2:15-16; Exhibit G, 1:24-27].

## VI.

## ARGUMENT

The motion properly fails for several reasons. First, there is nothing in the Motion on which to base relief; the motion is a factual recitation without reference to statute or case law. Second, the points and authorities use an incorrect body of law for the facts of our case. Finally, the First To File Rule patently applies to this case and indicates that this first-filed action is the proper action in which the parties can litigate their differences.

//

//

## A. Procedural Irregularities With The Moving Papers

No legal basis for the motion is stated in the Motion papers. [Motion to Dismiss Plaintiff's Complaint, 2:1-2:12]. There is no reference to any part of 12(b) and there is no reference in the Motion to any case or statute that would otherwise provide relief. *Id.* Plaintiffs respectfully request that the Motion be denied because of the motion's failure to state with particularity the grounds on which it is made. FRCP 7(b)(1)(B). Indeed, the "Motion" is more of a factual recital than a statement of the legal basis on which it is brought. [Motion to Dismiss Plaintiff's Complaint, 2:1-2:12].

## B. Defendant's Memorandum Of Law Is Not Helpful To Defendant's Position

Defendant misunderstands the applicable law in this case. The law to which defendant cites is law for a different factual and procedural situation. Defendant appears to be asking this court to apply the declaratory relief abstention[2]. On first blush, that doctrine - - if only by its name alone - - would appear to be the correct line of cases to use. However, the correct body of law for this motion is the First To File Rule.

The declaratory relief abstention is invoked when the parallel action is a state court action. "Federal courts have discretion to decline to hear federal declaratory relief suits where a parallel action is pending in <u>state court</u> involving the same issues and parties." Rutter, Federal Civil Procedure Before Trial, ¶2:1329.11 (emphasis added).

Defendant's reliance on the declaratory relief abstention starts with a reference to the seminal case on that doctrine: *Brillhart v. Excess Insurance Co.* 316 U.S. 491 (1942). [Moving party's Motion to Dismiss, 5:16-21; 6:6-20]. That case specifically refers to a parallel *state court* proceeding. *Brillhart* 316 U.S. at 495. "Where a District Court is presented with a claim such as was made here, it should ascertain whether [the matter] can better be settled in the proceeding pending in the <u>state court</u>." *Id.*

---

[2] Again, it is not clear on what basis the motion seeks relief, but an examination of the cases used to support the motion indicates a reliance on *Brillhart* and its progeny which deal with the declaratory relief abstention. *Brillhart v. Excess Insurance Co.* 316 U.S. 491, 495 (1942).

(emphasis added).

Perhaps the most often-cited case in the moving papers is *Wilton*. *Wilton v. Seven Falls Co.* 515 U.S. 277 (1995). [Moving party's Motion to Dismiss, 6:1-2; 8:18-9:6]. *Wilton*, too, refers only to the situation of the second action being in <u>state</u> <u>court</u>. The case resolved the differences between two approaches in that particular procedural setting: one District Court case and one case pending in a state court. "This case asks whether the discretionary standard set forth in *Brillhart* . . . or [a different standard in another case] governs a district court's decision to stay a declaratory judgment action during the pendency of parallel <u>state court</u> proceedings." *Wilton*, 515 U.S. at 279 (emphasis added). The court ruled that *Brillhart's* discretionary standard was the applicable standard in such situations. *Wilton*, 515 U.S. at 289-290.

Being a matter of civil procedure, often the applicable Rutter treatise is helpful. Rutter, Federal Civil Procedure Before Trial. There, the only place that *Wilton* and *Brillhart* are mentioned is in the context of the declaratory relief abstention and a pending <u>state court</u> action[3]. See Rutter, Federal Civil Procedure Before Trial, ¶10:45 *et al.* Indeed, *Brillhart* and *Wilton* both appear as explanatory cases under the general heading of "Effect Of Parallel Action Pending In State Court ("Reactive" Federal Action). Rutter, Federal Civil Procedure Before Trial, ¶10:50 *et seq.*

However, just a few paragraphs after Rutter's mention of *Brillhart* and *Wilton* is a reference to the situation we have in our case: "Parallel Proceeding Pending In Other Federal District Court." Rutter, Federal Civil Procedure Before Trial, ¶10:50.1. There, we are told to use the First To File Rule. *Id.* at ¶10:50.2.

---

[3] An exemplar reference in Rutter to *Brillhart* reads: "The goals for a district court to follow in deciding whether to exercise jurisdiction in a declaratory relief judgment action when a parallel action is pending in <u>state courts</u> are: [enumeration of factors]." Rutter, Federal Civil Procedure Before Trial, ¶10:53, emphasis added, citing to *Brillhart*, 316 U.S. at 495.
An exemplar reference in Rutter to *Wilton* reads: "*A federal court's broad discretion to abstain in declaratory relief actions empowers it to stay or* dismiss such actions in favor of pending <u>state court</u> proceedings involving the same issues and parties." Rutter, Federal Civil Procedure Before Trial, ¶10:50, citing to *Wilton* 515 U.S. at 287-289 (italics in original, other emphasis added).

As such, the moving papers are misplaced to ignore the First To File Rule. Although the <u>name</u> of the doctrine, declaratory relief abstention, seems to lean to defendant's side of the argument, the doctrine is inapplicable to this case. In short, the moving papers use the wrong body of law to support their motion and the motion to dismiss may properly be denied.

**C. The First-To-File Rule**

The First To File Rule Rule is "well-established" and is not to be "disregarded lightly." *Alltrade, Inc. v. Uniweld Products, Inc.* 946 F.2d 622, 625 (9th Cir. 1991).

Under this Rule, this case properly remains in the Northern District of California. *Id.* In *Alltrade*, the parties disagreed about a trademark registration. One party filed suit in the Southern District of Florida. A day later, the other party filed a similar suit in the Central District of California. Defendants in the second action (plaintiffs in the first) brought a motion to dismiss; the second-filed court applied the First To File Rule and granted the motion. The Ninth Circuit agreed that the First to File Rule applied and that the matter was to be litigated in the first-filed action[4].

Both of the requisite factors for application of the First To File Rule had been met. *Id.* First, the court where the motion to dismiss was pending had been the second-filed court. Second, there was sufficient identity of parties and issues at stake. *Id.* Whatever concerns the parties may have had about similarity of issues were for the first-filed court to decide. *Id.* at 627. None of the exceptions to the First To File Rule applied. *Id.* at 627-628. There are essentially three such exceptions: bad faith filing, anticipatory suit, and forum shopping. *Id.* The appellate court does not interfere with the sound discretion of the trial court to make decisions about the applicability of an exception. *Id.*

In our case, the elements of the First To File Rule are similarly met. This court is the first-filed court and the issues and parties are the same between the two actions.

---

[4] The court decided on a stay rather than a dismissal, however, because of the trademark issues involved.

Defendants admit this. [Motion to Dismiss, 2:6-9]. Defendant's second-filed action is "involving the same issues and parties are as involved in the present action." *Id.*

The First To File Rule has been raised and extensively briefed in the parallel action pending in the Western District of Washington[5]. There, these plaintiffs (defendants there) base their motion to dismiss that action in large part on the First To File Rule. Defendant here (and plaintiff there) tried very much to squeeze the facts into one of the exceptions to the First To File Rule. In doing so, that party tried to show that this first-filed action was an "anticipatory suit."

However, the term "anticipatory" has a special meaning in the context of the First To File Rule. *Intersearch Worldwide, LTD v. Intersearch Group, Inc.* 544 F. Supp.2d 949 (N.D. Cal. 2008). "A suit is anticipatory for the purposes of being an exception to the first-to-file rule if the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent." *Id.* at 960. A suggestion of legal action is not sufficient. *Id.* An apprehension is not sufficient. *Id.* "[T]here is no requirement that a business threatened with the *possibility* of [a lawsuit] wait to be served." *Id.* at 961, emphasis in original.

Therefore, even if moving party had raised the First To File Rule in its motion to dismiss this action, and even if it had raised the issue of an exception to that Rule, no exception applies here. There are no facts to show that there was any communication from defendant about any imminent suit. Even if there was an apprehension of such a suit by these plaintiffs, that is not "anticipatory" for purposes of the Rule. As in *Intersearch*, there is no requirement that these plaintiffs wait for service of a lawsuit. *Id.*

### D. A Review Of Defendant's Motion Shows No Merit To The Motion

Defendant lists six "grounds" for its motion to dismiss. [Motion to Dismiss, 2:1-2:5]. None of them are a proper basis for the motion. These six grounds are as follows:

1. That the two District Court cases involve the same issues and parties.

---

[5] It is interesting that there is no mention of the First to File Rule in this motion to dismiss since the issue was raised by plaintiffs (in that case defendants) in their motion

[Motion to Dismiss, 2:6-10]. This is not a basis for a motion and, indeed, the factual recitation only supports plaintiff's argument that the First To File Rule should apply.

    2. That the second action is pending in the Western District of Washington and that plaintiffs here (defendants there) have filed a motion to dismiss that second-filed action. [Motion to Dismiss, 2:10-15]. Again, that is not a proper basis for a motion and supports plaintiff's argument for application of the First To File Rule.

    3. That the second-filed action can determine the issues just as well as this court. [Motion to Dismiss, 2:16-19]. Even leaving aside whether this is a proper basis for a motion to dismiss standing alone, it is not persuasive. All courts <u>can</u> determine issues; the issue is whether a court is the <u>proper</u> court in which to do so.

    4. That there will be no delay associated with dismissal of this action since there is already another action pending in the Western District of Washington. [Motion to Dismiss, 2:19-22]. This, too, is not a basis for a motion to dismiss. This fact would almost always occur in cases where the First To File Rule is applied.

    5. That this suit is an anticipatory suit. [Motion to Dismiss, 3:1-2]. This exception to the First To File Rule, however, requires more than the common definition of "anticipation." See *Intersearch,* 544 F. Supp.2d at 960, 961.

    6. That these parties engaged in forum shopping. [Motion to Dismiss, 3:3]. This is a synonym for an "anticipatory suit" exception to the First To File Rule. *Intersearch,* 544 F.Supp. 2d at 962. As indicated above, it is permissible for a party to file suit without waiting to be sued by the other party. See *Intersearch,* 544 F. Supp.2d at 960, 961. Indeed, if every dispute required a party to wait for the other side before filing a lawsuit, very few lawsuits <u>could</u> be filed; neither party could ever file suit if each side had to wait for the other. Moreover, the only evidence before the court is that all the witnesses live in California, that the contracts were executed in California and that the work was done in California. California is the proper forum for this action.

to dismiss the USDC case pending in the Western District of Washington.

Although the Motion lists six presumably independent bases, none of them suffice. The Motion is therefore properly denied.

### E. The Forum Selection Clause

Plaintiffs enter into a discussion of this topic warily. First, defendant does not use the contracts' language as a basis for its motion; nothing in the Motion itself has anything to do with the language of the contract. [Motion to Dismiss, 2:1-3:11].

Second, any insistence of the defendant on strict adherence to the contract's language would be disingenuous. If they want to strictly enforce one part of the contract they should strictly adhere to other parts. They do not. Both of the subject contracts would require their Washington-based action to be in arbitration, not litigation. However, defendant has patently ignored the contractual arbitration language for such damages claims. [Exhibit D, ¶14 (lines 11-12 of that paragraph); Exhibit F, ¶13 (lines 11-12 of that paragraph). "[A]ny action for damages under these paragraphs shall be submitted to arbitration in accordance with the provisions of this paragraph. *Id.*

Third, much has been made of this argument in previous pleadings in the parallel District Court case, but only in the context of a discretionary motion to transfer venue under section 1404(a). A detailed discussion of discretionary transfer of venue under that code section would not appear warranted in this context.

Finally, the law here can be easily summarized. A forum selection clause indicating potential application of non-California law is not enforceable in a case like the one at bar. See California Practice Guide, *Employment Litigation* (Rutter) ¶14:260 *et seq.* This case alleges that defendant violated an important public policy-based statute: Business and Professions Code § 16600. The interests of California in enforcing that statutory provision militate against enforcement of a forum-selection clause that would strip that protection from a California resident[6]. "Parties cannot avoid Bus & Prof. C.

---

[6] In addition, reformulating the argument as just "don't sell to my former customers" is still treated as a covenant not to compete. See California Practice Guide, *Employment Litigation*, (Rutter) ¶14:300.

11

OPPOSITION POINTS & AUTHORITIES RE DEFENDANT'S MOTION TO DISMISS

§16600 by including provisions designating another state's law as governing their employment agreement. . . .The 'strong public policy' underlying §16600 overrides any contractual provision designating another state's law as controlling as to the validity of a noncompete clause." *Id.* at ¶14:261.5, citing to *Application Group Inc. v. Hunter Group, Inc.* 61 Cal.App.4th 881, 902 (1998). See also, *Scott v. Snelling and Snelling, Inc.* 732 F.Supp. 1034, 1039 (N.D. Cal. 1990) ["However, California law will not give force to a choice of law clause where the contract contains a provision which violates a 'strong California public policy.'"].

### F. Objections To Evidence

Plaintiffs hereby object to evidence submitted by defendant in the declaration of counsel Peter T. Petrich as follows:

- 2:18-22: This material is without factual foundation and is not relevant to the issues before the court. Nothing is explained in the Motion having anything to do with delay "or otherwise."
- 3:1-3: This is a conclusory statement unsupported by any facts; lacks foundation.
- 3:6-7: This is a conclusory statement unsupported by any facts; lacks foundation.

## IX.

## CONCLUSION

The motion to dismiss lacks factual or statutory basis. Indeed, there appears to be no mention of the operative statute - - FRCP 12(b) - - anywhere in the moving papers. As gleaned from the supporting authority, the motion is trying to apply the declaratory relief abstention doctrine to this case. However, that does not apply when the other action is currently pending in a United States District Court. Instead, the correct body of law is that surrounding the First To File Rule. Under that Rule, this action in this court is the correct forum for litigation of the issues in dispute.

//

CARLE, MACKIE, POWER & ROSS LLP

12

OPPOSITION POINTS & AUTHORITIES RE DEFENDANT'S MOTION TO DISMISS

For reasons as stated herein, plaintiffs respectfully request that the court deny the motion to dismiss.

Dated: April 14, 2011

CARLE, MACKIE, POWER & ROSS LLP

By: _____
Philip J. Terry,
Attorneys for Plaintiffs