1  DAWN M. ROSS (SBN 143028)
   KIMBERLY CORCORAN (SBN 148229)
2  CARLE, MACKIE, POWER & ROSS LLP
   100 B Street, Suite 400
3  Santa Rosa, California 95401
   Telephone:  (707) 526-4200
4  Facsimile:  (707) 526-4707

5  Attorneys for Plaintiffs

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10 MERAS ENGINEERING INC., a            CASE NO. C 3:11-00389 LB
   California corporation, RICH
11 BERNIER and JAY SUGHROUE,            **PLAINTIFFS' (1) NOTICE OF MOTION AND
                                        MOTION FOR PARTIAL SUMMARY
12                    Plaintiffs,       JUDGMENT; and (2) SUPPORTING
                                        MEMORANDUM OF POINTS AND
13         v.                           AUTHORITIES**

14 CH₂O, Inc., a Washington Corporation, **Date:      August 2, 2012**
                                          **Time:      11:00 a.m.**
15                    Defendant.          **Ctrm:      C – 15 Floor**
                                          **Judge:     Hon. Laurel Beeler**
16
                                          **Jury Trial Requested**
17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

2 NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT ................. 1

3 MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 2

4     I.     INTRODUCTION ...................................................................................................... 2

5     II.    STATEMENT OF THE FACTS .............................................................................. 3

6     III.   THE SUBJECT CLAUSES .................................................................................... 4

7     IV.   PLAINTIFFS ARE ENTITLED TO PARTIAL SUMMARY JUDGMENT
    ON THEIR FIRST CLAIM FOR DECLARATORY RELIEF ............................ 5

8

9     A.  Noncompete Clauses Are Statutorily Void ..................................................... 5

10     B.  Nonsolicitation Clauses Are Similarly Unenforceable ................................... 6

11     C.  The Unenforceability Is To Be Applied Strictly ............................................ 6

12     D.  There is no Issue about Trade Secrets on this Motion For Summary
    Judgment ......................................................................................................... 7

13     E.  The Choice Of Law Clause In The Contract Does Not Mandate
    Washington Law ............................................................................................. 8

14

15     1.  Introduction ......................................................................................... 8

16     2.  The First *Nedlloyd* Factor Alone is a Sufficient Basis on Which
    to Apply California Law:  Does Washington have a
    substantial relationship to the parties or their transaction or
17     is there any other reasonable basis for the parties' choice of
    law? ...................................................................................................... 9

18

19     3.  The Second *Nedlloyd* Factor Also Strongly Favors California
    Law:  Is Washington's law contrary to a fundamental
    policy of California? ........................................................................... 10

20

21     4.  The Third *Nedlloyd* Factor Is Plainly In Favor Of California
    Law:  Does California have a materially greater interest
    than Washington in the determination of the particular
22     issue? ................................................................................................... 12

23     5.  A Discussion of the *Google* Case ..................................................... 13

24     6.  An Additional Factor is the Presence of Meras as a Plaintiff in
    this Action ........................................................................................... 17

25     V.    PLAINTIFFS ARE ENTITLED TO PARTIAL SUMMARY JUDGMENT
26     ON THEIR SECOND CLAIM FOR UNFAIR COMPETITION ........................ 17

27     VI.   CONCLUSION ....................................................................................................... 18

28

CARLE, MACKIE,
POWER & ROSS LLP

ii
(1) Notice Of Mtn & Mtn  For Summary Judgment Or Partial Summary Judgment; (2) Supporting Ps&As
Case Number o: C 11-00389 LB

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3

*Application Group, Inc. v. Hunter Group, Inc.,*
  (1998) 61 Cal.App.4[th] 881..............................................................10, 11, 12

4

*Bridge Fund Capitol Corp. v. Fastbucks Franchise Corp.,*
  (2010) 622 F.3d 996 .................................................................. 8, 10

5

*Brillhart v. Excess Ins. Co. Of America,*
  (1942) 316 U.S. 491..............................................................13, 14, 15

6

*Dowell v. Biosense Webster, Inc.,*
  (2009) 179 Cal. App. 4th 564..............................................5, 6, 17, 18

7

*Edwards v. Arthur Anderson LLP*
  (2008) 44 Cal.4[th] 937..............................................................6, 7, 8, 12

8

*Frame v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*
  (1971) 20 Cal.App.3d 668 .................................................................. 12

9

*Google, Inc. v. Microsoft Corporation,*
  (2005) 415 F.Supp.2d 1018................................... 3, 11, 12, 13, 14, 15, 16

10

*In re Gault South Bay Litigation*
  2008 U.S. Dist. LEXIS 65913 (N.D. Cal. 2008)................................ 12

11

*Interwoven, Inc. v. Vertical Computer System,*
  2011 U.S. Dist. LEXIS 9124.................................................................. 16

12

*Joescan, Inc. v. LMI Technologies, Inc.,*
  2007 U.S. Dist. LEXIS 65498.................................................................. 16

13

*Nedlloyd Lines, B.V. v. Superior Court,*
  (1992) 3 Cal.4[th] 459 .................................................3, 5, 8, 9, 10, 18

14

*Rhoades v. Avon Products, Inc.*
  (2007) 504 F.3d 1151 .................................................................. 15

15

*Saleh v. Titan Corp.,*
  (2004) 353 F.Supp 2d 1087) .................................................................. 16

16

*Scott v. Snelling and Snelling, Inc.,*
  (1990) 732 F.Supp.1034 .......................................................... 11, 12

17

*The Retirement Group v. Galante,*
  (2009) 176 Cal.App.4[th] 1226........................................................ 5, 6, 7

18

*Trans-Tec Asia v. M/V Harmony Container,*
  (2008) 518 F.3d 1120......................................................................... 9

19

*Washington Mutual Bank, FA v. Superior Court,*
  (2001) 24 Cal.4[th] 906 .................................................................. 8

20

21

**Statutes**

22

Business & Professions Code section 16600 ......................... 1, 3, 5, 6, 7, 8, 10, 11, 12, 15, 17, 18

23

Business and Professions Code section 17200..............................................................1, 17, 18
Federal Rules of Civil Procedure 56 ................................................................ 1

24

**Other Authorities**

25

Moore's Federal Practice, (3rd Ed) §131.31 .............................................. 16

26

27

28

# NOTICE OF MOTION AND
# MOTION FOR PARTIAL SUMMARY JUDGMENT

TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs Meras Engineering Inc., a California corporation, Rich Bernier and Jay Sughroue, (herein "Plaintiffs") will and hereby do move this court for an order granting Plaintiffs' Motion for Partial Summary Judgment as to the claims contained in the first and/or second causes of action pursuant to Federal Rules of Civil Procedure 56. This motion will be heard on August 2, 2012 at 11:00 a.m. in Courtroom C - 15th Floor, at the above-entitled court located at 450 Golden Gate Ave., San Francisco, CA 94102, or as soon thereafter as the matter may be heard.

The basis for this motion is that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. California law declares noncompete and nonsolicitation clauses in employment contracts to be void. Cal. Bus. & Prof. Code §16600. As such, the first cause of action for Declaratory Relief is resolved in Plaintiffs' favor as to the noncompete clauses in the employment contracts of both Mr. Bernier and Mr. Sughroue. In addition, or in the alternative as the court deems proper, the first cause of action for Declaratory Relief is resolved in Plaintiffs' favor as to the nonsolicitation clauses in Mr. Bernier and Mr. Sughroue's employment contracts. In addition, or in the alternative as the court deems proper, the second cause of action for unfair competition in violation of California Business and Professions Code section 17200 is resolved in Plaintiffs' favor on the basis of the invalidity and attempted enforcement of the noncompete clauses in the subject contracts and/or as to the nonsolicitation clauses in those contracts.

The motion is based on this Notice of Motion and Motion, the accompanying Points and Authorities, the accompanying Joint Separate Statement of Undisputed Facts, and the evidence referenced in the Joint Separate Statement, to include the Second Amended Complaint together with the Answer and Affirmative Defenses to Second Amended Complaint filed 07/07/11; Declaration of Counsel, Philip J. Terry, in Opposition to Motion to Dismiss, filed 04/14/11 and exhibits thereto; Declaration of Peter T. Petrich in Support of Motion to Dismiss, filed 03/15/11

1   and exhibits thereto; Declaration of Plaintiff Rich Bernier in Opposition to Motion to Dismiss,

2   filed 04/14/11; and Declaration of Plaintiff Jay Sughroue in Opposition to Motion to Dismiss

3   filed 04/14/11.  This motion is also based on the papers and files herein, the files and records in

4   this case to include the expected Reply Memorandum, and such other oral and documentary

5   evidence as may be presented at or prior to the hearing on the motion.

6   Respectfully Submitted,

7   Dated:  June 22, 2012                    CARLE, MACKIE, POWER & ROSS LLP

8

9                                      By:  ___s/Kimberly Corcoran_____
                                            DAWN M. ROSS
10                                          KIMBERLY CORCORAN
                                            Attorneys for Plaintiffs

11

12              **MEMORANDUM OF POINTS AND AUTHORITIES**

13                                         **I.**

14                                  **INTRODUCTION**

15         This action involves two California resident employees, their new California employer,

16  and their former employer.  [UMF #2, 3, 5, 22, 38].  The former employer, Defendant CH2O,  is

17  based in Washington.  When CH2O hired Plaintiffs Bernier and Sughroue, who were living and

18  working in California, it required them to sign employment contracts containing draconian

19  noncompete and nonsolicitation clauses which are clearly void under California law.  [UMF #1,

20  5, 9, 22, 25].  Ch2O is seeking enforcement of those clauses, thereby violating strong California

21  public policy in favor of the California-resident employees being able to work for whom they

22  choose.  [UMF #4].  CH2O's actions also violate public policy against the Plaintiff employees'

23  new California employer, Meras, in that CH2O seeks to gain an anticompetitive edge by using

24  out-of-state law to restrict California resident employees from working for California-resident

25  businesses.

26         In order to establish their right to work and validly compete, the California residents

27  brought suit in this court seeking declaratory relief and damages.  This motion for partial

28

1   summary judgment addresses itself to two of the claims for relief in the complaint[1]:  declaratory

2   relief and unfair competition.  Judgment is proper as to both of these claims because Defendant's

3   attempted enforcement of noncompete and nonsolicitation clauses against California residents is

4   the central issue in both claims for relief.  California law has a strict prohibition against the

5   enforcement of noncompete and nonsolicitation clauses.  Cal. Bus. & Prof. Code §16600.

6        Moreover, California law is properly applied.  The California Supreme Court has set

7   forth a test by which choice of law provisions may be disregarded.  *Nedlloyd Lines, B.V. v.*

8   *Superior Court*, 3 Cal.4th 459, 466 (1992).  Under this test, California law is plainly the proper

9   choice of law, notwithstanding the contractual clause to the contrary.  *Google, Inc. v. Microsoft*

10  *Corporation,* 415 F.Supp.2d 1018, 1022-1024 (ND Cal. 2005).

11                                    **II.**

12                    **STATEMENT OF THE FACTS**

13       This case has three Plaintiffs, all long-time California residents.  Meras Engineering, Inc.

14  (herein "Meras") is a California corporation doing business within the state of California.

15  [UMF #37, 38].  It is in the business of selling water treatment systems/supplies to commercial

16  agricultural customers.   [UMF #36].

17       Plaintiff Rich Bernier has been a California resident for 18 years.  [UMF #5].  He has

18  worked in the agricultural water industry for 23 years.  [UMF #7].  He was hired by Defendant

19  CH2O, Inc. (herein "CH2O") to sell water treatment products in California from 1997 to January

20  2011.  [UMF #7, 17, 18].  Upon hiring him, CH2O required Plaintiff Bernier to sign a ten-page

21  employment agreement, which includes draconian noncompete and nonsolicitation provisions.

22  [UMF #9].  In 2011, Mr. Bernier left Defendant's employment and went to work for Meras.

23  [UMF #19].  The entire time that Mr. Bernier worked for Defendant, Mr. Bernier was a

24  California resident servicing customers in California.  [UMF #5, 10, 13, 17].

25       Defendant Jay Sughroue is also a long-time California resident.  He has lived in

26  California for 11 years and worked for Defendant CH2O from December of 2009 until January

27  2011.  [UMF #22, 33].  Upon hire by CH2O, Mr. Sughroue was required to sign an eight-page

28

CARLE, MACKIE,
POWER & ROSS LLP

---

[1]  By reference to "complaint" herein, Plaintiffs refer to the operative pleading in the case:  Plaintiffs' Second Amended Complaint [Docket 36] and Exhibits thereto [Docket 47].

1  employment agreement, which includes draconian noncompete and  nonsolicitation provisions.

2  [UMF #25].  In 2011, Mr. Sughroue left employment with $CH_2O$ and went to work for Meras.

3  [UMF #34].  As with Mr. Bernier's employment, while Mr. Sughroue was employed by

4  Defendant, Mr. Sughroue was a California resident servicing California customers, not

5  Washington customers.  [UMF #22, 27, 30, 31, 32].

6       Defendant is $CH_2O$, Inc. (herein "$CH_2O$"), a Washington corporation.  [UMF #1].  When

7  $CH_2O$ hired its employees Bernier and Sughroue, the employment agreements it required them to

8  sign contained noncompete and nonsolicitation clauses.  [UMF #12, 28].  These contracts also

9  contain a choice of law provision indicating that Washington law would apply to the contracts.

10  [UMF #14, 29].  Plaintiff Bernier and Sughroue's contracts were negotiated in California and

11  with California residents; Mr. Sughroue signed his agreement in California.  [UMF #8, 10, 22,

12  23, 24, 30].

13  **III.**

14  **THE SUBJECT CLAUSES**

15       The contractual provisions at issue in this case are the noncompete and nonsolicitation

16  clauses in the employment contracts for Mr. Bernier and Mr. Sughroue.  Those in Mr. Bernier's

17  contract are substantially similar to those in Mr. Sughroue's contract.  [UMF #12, 28 and text of

18  documents referred to therein].  For the convenience of the court and the parties, these clauses

19  are fully set forth herein as follows:

20  <u>From Mr. Bernier's Employment Agreement:</u>

21      a)  Employee shall not, for a period of three (3) years from the date of Employee's termination, engage or participate in, or be employed by, any business of a similar nature to that of the Company which is in competition with the Company, or be employed directly or indirectly

22  in a laboratory acting as consultant with a competitor of the Company, in the United States or internationally, either directly or indirectly for his/her own account, in the service of others, or in

23  association with others.  Employee shall not solicit, or contact the Company's "other employees/employees" for the purpose(s) of causing them to participate in the activities which are

24  prohibited herein.

25      b)  Employee shall not, during the term of this agreement and for the time period and geographical areas specified in paragraph 6(a) above, solicit or sell the same or similar products or services as are sold by the Company to any of the Company's regular customers.

26      c)  The Company's regular customers shall mean any customer regardless of geographic location to whom the Company has sold, during a period of two (2) years immediately preceding

27  the termination of Employee's employment, any chemical product or related equipment, or for whom the Company has performed any service in connection with the Company's business

28  endeavors.

d)  For the purposes of this Agreement "Other employees/employees" shall mean any person who was employed by, or contracted to perform services for, the Company during, or at any time up to one year prior to the termination of Employee's employment.

From Mr. Sughroue's Employment Agreement:

a)  Employee shall not, for a period of two (2) years from the date of Employee's termination, engage or participate in, or be employed by, any business of a similar nature to that of the Company which is in competition with the Company, or be employed directly or indirectly in a laboratory acting as consultant with a competitor of the Company in the United States or internationally, either directly or indirectly for his/her own account, in the service of others, or in association with others.  Neither shall Employee solicit, or contact the Company's "other employees/agents" for the purpose(s) of causing them to participate in the activities which are prohibited herein.

b) Employee shall not, during the time period and in the geographical areas specified in subparagraph 6.a) above, solicit or sell the same or similar products or services as are sold by the Company to any of the Company's regular customers.

c) The Company's regular customers shall mean any customer regardless of geographic location to whom the Company has sold, during a period of one (1) year immediately preceding the termination of Employee's employment, any chemical product or related equipment, or for whom the Company has performed any service in connection with the Company's business endeavors.

d) "Other employees/agents" shall mean any person who was employed by, or contracted to perform services for, the Company at the termination of Employee's employment.  However, such definition shall not be interpreted to release "other employees/agents" from contractual obligations that they may have with the Company.

## IV.

## PLAINTIFFS ARE ENTITLED TO PARTIAL SUMMARY JUDGMENT ON THEIR FIRST CLAIM FOR DECLARATORY RELIEF

There is no triable issue of fact as to the first claim for relief.  The subject clauses are void as a matter of law pursuant to Cal. Bus. & Prof. §16600 (herein "section 16600") and judgment is therefore properly entered in Plaintiffs' favor as to the enforceability of those clauses.   California law is the proper law to apply in this case because the Supreme Court has held that cases involving covenants not to compete against California residents are to be heard using California law despite a contractual choice of law clause. *Nedlloyd*, 3 Cal.4th at 466.

## A.  Noncompete Clauses Are Statutorily Void

Noncompete clauses are void by statute.  Section 16600, provides "Except as provided by this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is that that extent void."   As such, it is as if they never existed, and summary judgment is a proper vehicle for asserting the void nature of the contractual provisions. *Dowell v. Biosense Webster, Inc.*, 179 Cal. App. 4th 564, 570 (2009) [granting Plaintiff's motion

1  for summary judgment on claims under section 16600 and section 17200; the noncompete and

2  nonsolicitation clauses were void as a matter of law].

3  **B.  Nonsolicitation Clauses Are Similarly Unenforceable**

4           Nonsolicitation clauses are included in the category of contracts considered void under

5  section 16600. *The Retirement Group v. Galante,* 176 Cal.App.4th 1226, 1238 (2009).

6  "[S]ection 16600 bars a court from specifically enforcing (by way of injunctive relief) a

7  contractual clause purporting to ban a former employee from soliciting former customers to

8  transfer their business away from the former employer or to the employee's new business." *Id.*

9  See also *Dowell* 179 Cal.App.4th at 575 [a nonsolicitation clause restrains an employee from

10  practicing his chosen profession and is similar to those found to be void under section 16600."].

11  **C.  The Unenforceability Is To Be Applied Strictly**

12           Historically, the Ninth Circuit used to employ a "reasonableness" evaluation of

13  noncompete and nonsolicitation clauses.  There is no longer such a judicially-created exception.

14  *Edwards v. Arthur Anderson LLP,* 44 Cal.4th 937, 950 (2008).

15           In *Edwards,* Plaintiff was a former accountant of Defendant Arthur Anderson.  His

16  employment agreement contained noncompete and nonsolicitation clauses.  When Edwards left

17  his employment, his former employer required certain conditions before releasing the employee

18  from the noncompete and nonsolicitation clauses.  Edwards refused those conditions and sued,

19  *inter ali*a, for intentional interference with prospective business advantage.  In order to establish

20  the "wrongful act" requirement of that tort, Edwards proffered Defendant's assertion of the

21  noncompete and nonsolicitation clauses.  The trial court found that the clauses were valid

22  because they were narrowly tailored; the Court of Appeal reversed.  The Supreme Court agreed

23  with the Court of Appeal; holding that the clauses were void, and Plaintiff had properly stated a

24  claim for intentional interference with prospective economic advantage.

25           At issue in *Edwards* was a Ninth Circuit trend toward finding a reasonableness exception

26  to section 16600's prohibition against noncompete and nonsolicitation clauses.  *Id.* at 948.  The

27  California Supreme Court held that there was no such exception and disapproved those cases

28  upon which the Ninth Circuit had appeared to base its exception.  *Id.* at 949-950.  As the court

1   explained, "Section 16600 is unambiguous, and if the Legislature intended the statute to apply

2   only to restraints that were unreasonable or overbroad, it could have included language to that

3   effect." *Id.* at 950.  In its discussion, *Edwards* recited the elements of the subject tort and held

4   that a violation of section 16600 was a "wrongful act" sufficient to meet the third element of the

5   claim for interference with prospective economic advantage.  *Id.* at 944-945, 942.

6   **D.  There is no Issue about Trade Secrets on this Motion For Summary Judgment**

7           It is anticipated that Defendant will cry "trade secret" in an effort to raise a triable issue

8   of fact.  As explained in *Retirement Group*, 176 Cal.App.4th at 1238, there is no "trade secret"

9   exception to the rule prohibiting noncompete and nonsolicitation clauses.  What is sometimes

10  referred to as an "exception" is really a separate claim by the former employer in tort; not a

11  contractual defense.  *Id.*

12          In *Retirement Group*, several contractors worked for an employer pursuant to contracts

13  containing noncompete and nonsolicitation clauses.  The contractors started their own business

14  and the former employer brought suit.  Among other things, the former employer claimed that

15  the contractors had taken trade secret information about its customers.  The employer obtained a

16  preliminary injunction and the contractors appealed the injunction order.  The contractors

17  asserted that the noncompete and nonsolicitation clauses made the injunction overbroad and the

18  Court of Appeal agreed.  As the court explained, employees may be restrained from divulging an

19  employer's trade secrets, but the basis of that restraint is tort law, not section 16600.  *Id.*  "[T]he

20  conduct is enjoinable not because it falls within a judicially created 'exception' to section

21  16600's ban . . . but is instead enjoinable because it is wrongful independent of any contractual

22  undertaking." *Id.* at 1238.  "[A] court may enjoin tortious conduct (as violative of either the

23  Uniform Trade Secrets Act and/or the  unfair competition law) by banning the former employee

24  from using trade secrets information to identify existing customers to facilitate the solicitation of

25  such customers, or to otherwise unfairly compete with the former employer.  *Id.* (internal citation

26  omitted).

27          In this case, Defendant CH₂O has not filed a counter-claim alleging any tortious conduct

28  and has not even raised the issue as an affirmative defense.  As such, the only issue before the

1  court is whether the noncompete and nonsolicitation clauses are void under §16600.  Under both

2  the statutory language and *Edwards*, the clauses are patently void and summary judgment is

3  therefore proper.  Cal. Bus. & Prof. Code §16600; *Edwards,* 44 Cal.4th at 950 (no longer a

4  judicially created exception to enforcement of section 16600).

5  **E.  The Choice Of Law Clause In The Contract Does Not Mandate Washington Law**

6         It is also anticipated that Defendant will argue that California law does not apply and that,

7  instead, it is Washington law that controls.  The parties agree that the subject contracts contain

8  Washington choice of law provisions.  However, the conflicts of law provisions indicate that

9  California is the proper law to apply in this case.

10        **1.  Introduction**

11        First, a federal court sitting in diversity applies the choice of law rules of the state in

12  which it sits.  *Bridge Fund Capitol Corp. v. Fastbucks Franchise Corp.,* 622 F.3d 996, 1002 (9th

13  Cir. 2010).  As such, this court is to apply California choice of law rules.  *Id.*

14        Second, there are two sets of choice of law rules in California.  *Washington Mutual Bank,*

15  *FA v. Superior Court,* 24 Cal.4th 906, 914 (2001).  One set of rules (the "governmental interests

16  test") is used when there is no contractual provision for choice of law and another set of rules

17  (the "Restatement") is used when the contract selects the choice of law.  *Id.*; *Nedlloyd* 3 Cal.4th at

18  465.  Since the contract in our case contains a choice of law provision, the Restatement rules

19  apply in our case.

20        Third, we discuss the Restatement rules for disregarding a choice of law provision.

21  However, as a preface to that discussion, we are to keep in mind that the Restatement rules

22  *already acknowledge* that there is a contractual choice of law.  Therefore, the anticipated

23  argument by Defendant of "that's what the parties agreed to" is not properly part of a discussion

24  of these Restatement rules.

25        The Restatement choice of law rules leave alone the parties' choice of law unless an

26  exception is present.  *Nedlloyd*, 3 Cal.4th at 464-465.  *Nedlloyd* recharacterizes the Restatement

27  //

28  //

rules and casts them in slightly different language.  This motion will analyze the elements in the manner discussed by the Supreme Court in its *Nedlloyd* decision[2].

**2.  The First *Nedlloyd* Factor Alone is a Sufficient Basis on Which to Use California Law**:  **Does Washington have a substantial relationship to the parties or their transaction or is there any other reasonable basis for the parties' choice of law?**

Under *Nedlloyd*, if this test - substantial relationship - is not met then one need not inquire further: "the court need not enforce the parties' choice of law."  *Id.* at 466.  If this test *is* met, and Washington does have a substantial relationship (or there is some other reasonable basis for selecting Washington law, then one proceeds to the next step in the analysis.  *Id.*

Here, Washington does not have a *substantial* relationship to the parties or their transaction.  Neither is there any *reasonable* basis for the choice of using Washington law.  The contracts were negotiated in California, not Washington [UMF #8, 10, 23, 24, 26], they, involved work in California not Washington [UMF #13, 15, 16, 17, 27, 30, 31, 32] and the employee-parties to the agreements were California not Washington residents [UMF #5, 10, 22, 30].

- During the entire time that Mr. Bernier and Mr. Sughroue worked for CH$_2$O, they did so from California.  [UMF #10, 15, 16, 17, 27, 30, 31, 32].

- Even Mr. Sughroue's job interview with CH$_2$O took place in California.  [UMF #24].

- Mr. Sughroue has been a California resident for more than 11 years.  [UMF #22].

- Mr. Bernier has been a California resident for more than 18 years. [UMF #5].

- Mr. Sughroue's territory with CH$_2$O was Southern California and he was based out of Temecula.  He worked out of his home office.  [UMF #30].

- Mr. Bernier's territory for CH$_2$O was conducted from his home office in California.  Since he moved to California in 1994, he has not maintained or established any sales or related contacts in Washington.  [UMF #6, 16].

- Mr. Sughroue's job for CH$_2$O was advertised in California and he answered the advertisement from California.  [UMF #23].

---

[2]  The *Nedlloyd* case does not discuss the last element of the Restatement exception, presumably because the court had already determined that the exception would not apply due to a discussion of earlier factors in the analysis.  However, under the Restatement, one is to perform an analysis of what law would have been used if there had not been the choice of law provision.  This last part of the second Restatement exception refers us to another Restatement section (§188) to make this determination.  Section 188 looks to three factors:  the place of negotiation of the contract, the place of performance and the place of business of the parties.  *Trans-Tec Asia v. M/V Harmony Container*, 518 F.3d 1120, 1124 (9th Cir. 2008).  Here, the contracts were negotiated in California, the place of performance was California and all three Plaintiffs in this case do business in California.  It would appear to be beyond argument that the law in this case would be that of California if there were no choice of law provision in the subject agreements.

9

1    • Mr. Sughroue signed the subject agreement in California.  [UMF #26].

2    • Both Mr. Bernier's performance and Mr. Sughroue's performance under the subject
        agreements were exclusively in California.  [UMF #15, 16, 17, 30, 31, 32].

3

4    • Neither Mr. Sughroue nor Mr. Bernier sold to any Washington customers while
        employed with CH₂O.  [UMF #15, 27].

5        Accordingly, Washington has no substantial relationship to the parties or the transaction.

6    Under *Nedlloyd*, the inquiry stops here and California law applies, despite the choice of law

7    provision.  *Nedlloyd*, 3 Cal.4th at 466.  However, in the event that the court determines that

8    further analysis would be helpful, we continue to the second and third steps of the Restatement

9    test.

10       3.  **The Second *Nedlloyd* Factor is in Favor of California Law:**  Is Washington's law
            contrary to a fundamental policy of California?

11

12       The next step in the analysis is to determine whether the two state's laws differ

13   sufficiently on the particular issue involved that it makes a difference which state's law is used.

14   If the answer to this question is "yes'" then one proceeds to the next question.  *Nedlloyd,* 3

15   Cal.4th at 466; *Bridge Fund*, 622 F.3d at 1002.  Here, the answer is a simple "yes" – California

16   has a fundamental policy of declaring noncompete and nonsolicitation clauses void.  Cal.

17   Business & Professions Code section 16600; *Application Group, Inc. v. Hunter Group, Inc.,*

18   (1998) 61 Cal.App.4th 881 .

19       In *Application Group*, the court engaged in an extensive analysis of whether California

20   law applies to an employment contract with a conflicting choice of law provision.  In that case, a

21   California employer hired a Maryland resident away from a Maryland company between which

22   there was a Maryland employment contract containing noncompete and nonsolicitation clauses.

23   That contract had a Maryland choice of law provision.  The California employer sued for

24   declaratory relief, saying that the noncompete and nonsolicitation clauses were void under

25   California law and so its new employee was free to work for her new employer.  Under

26   Maryland law, the covenants would not be void.  The trial court found that the Maryland choice

27   of law provision was not enforceable and that California law applied, even though the contract

28   //

CARLE, MACKIE,
POWER & ROSS LLP

Notice of Motion and Motion for Partial Summary Judgment and Supporting Ps&As  – Case No: C 11-00389 LB

1  was negotiated out-of-state and the employee was an out-of-state resident until the time of her

2  new employment[3].   The Court of Appeal affirmed.

3          Section 16600 reflects a 'strong public policy' of the State of California." *Id.*  Even

4  though the employee had executed the agreement in Maryland while she was a Maryland

5  resident, the court in *Application Group* ruled that Maryland law (which is similar to Washington

6  law on noncompete clauses) is contrary to a fundamental policy of California. *Id.* at 902.  It

7  further ruled that California had a "materially greater interest" in the determination of the non-

8  compete issue, and that California's interests would be more seriously impaired if its policy were

9  subordinated to the policy of the other state.  *Id.*

10          The court explained that to apply Maryland law "*would have been to allow an out-of-*

11  *state employer/competitor to limit employment and business opportunities in California.*" *Id.*

12  Further, with regard to the California resident employee, the court explained that "*the interests of*

13  *the employee in his own mobility and betterment are deemed paramount to the competitive*

14  *business interests of the employers, where neither the employee nor his new employer has*

15  *committed any illegal act accompanying the employment change. [cite omitted]…and we see no*

16  *reason why these employees' interests should not be "deemed paramount to the competitive*

17  *business interests" of out-of-state as well as in-state employers.*" *Id.* at 900.

18          A similar decision was reached in another case involving a Pennsylvania choice of law

19  provision. *Scott v. Snelling and Snelling, Inc.,* (1990) 732 F.Supp.1034 at 1039-1040. In *Scott,*

20  the court ignored the Pennsylvania choice of law provision in the contract and applied California

21  law to determine whether the noncompete clause in a franchise agreement was valid.  California

22  law was the proper choice of law because section 16600 "has been held by the California courts

23  to represent a strong public policy which would override the choice of law provision in the

24  contract at least with regard to the restrictive covenant."  *Id.*

25          Not only is section 16600 a fundamental policy of California, but Washington's law is

26  contrary to this public policy. *Google, Inc. vs. Microsoft Corporation,* (2005) 415 F.Supp.2d at

27

28

**CARLE, MACKIE,
POWER & ROSS** LLP

---

[3]   In our case, there is even more connection to California than in *Application Group*.  In our case, the contracts were negotiated and executed in California [UMF #8, 10, 23, 24, 26] for work to be performed in California [UMF #13, 15, 16, 17, 27, 30, 31, 32] and the employees were already California residents [UMF #5, 22].

11

1  1022.  Discussing section 16000, the *Google* court noted that "California and Washington view

2  covenants not to compete differently."  *Id.* at 1022.

3      As such, the answer to this second question is "yes."  Washington's law on noncompete

4  and nonsolicitation clauses is contrary to California law on this issue and California law has

5  expressed a fundamental policy intent behind enforcement of section 16600, even in the case of

6  out-of-state employees who negotiated and signed the employment agreements outside of

7  California (which did not happen here).  The analysis of whether to disregard the Washington

8  choice of law provision is therefore two-thirds complete.

9      **4.  The Third *Nedlloyd* Factor Is Plainly In Favor Of California Law:  Does
       California Have A Materially Greater Interest Than Washington In The
10     Determination Of The Particular Issue?**

11     If we continue on the analysis, then the next and last question is whether California's

12  interest in declaring the subject clauses void is a greater interest than Washington's interest in

13  such clauses.  Again, the answer is "yes."  *Edwards,* 44 Cal.4th at 946 ["settled legislative policy

14  in favor of open competition and employee mobility"].  See also *Google,* 415 F.Supp.2d at 1022

15  [California has a strong interest in protecting its employees from noncompetition and

16  nonsolicitation clauses but "Washington, on the other hand, expresses no such policy

17  preference"][4].

18  *//*

19  _____

20      [4]  Indeed, there are several cases in which the strong public policy of California is voiding noncompete clauses is
       voiced.  Among these are the following:

21      • *Application Group,* 61 Cal.App.4th at 900:  "AGI is correct when it argues that section 16600 reflects a
         "<u>strong</u> public policy" of the State of California."  (emphasis in original).

22      • *Frame v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 20 Cal.App.3d 668, 673 (1971):  Referring to a
23       California Supreme Court case discussing B&P Code §16000, "[w]e conclude from the California Supreme
         Court's treatment of the problem that section 16600 does represent a "strong public policy" of this state."
         citing to *Muggill* v. *Reuben H. Donnelley Corp.,* 62 Cal.2d 239, 242 (1965).

24      • *Scott v. Snelling and Snelling, Inc.*  732 F.Supp. 1034, 1042 (ND Cal. 1990):  "However, the California
25       courts have been clear in their expression that section 16600 represents a strong public policy of the state
         which should not be diluted by judicial fiat.".

26      • *In re Gault South Bay Litigation* 2008 U.S. Dist. LEXIS 65913 (N.D. Cal. 2008):  In deciding that
27       California law applied to the issue of noncompete and nonsolicitation clauses, even though the contract's
         choice of law was Indiana, the court states that "[s]ince the provision would restrain these individuals from
28       engaging in their profession, it would be void under §16600.  Thus the court finds there is a conflict
         between Indiana law and the strong public policy of California as reflected in §16600.".

CARLE, MACKIE,
POWER & ROSS LLP

### 5. __A Discussion of the *Google* Case__

*Google* bears some discussion because it has been specifically mentioned by this court as a case it finds informative and because many of the case's facts and legal issues are the same as ours. However, many of the issues in *Google* differ from ours as well. As such, Plaintiffs offer this analysis and summary of *Google* for the court's review.

In *Google*, a Washington company negotiated in Washington to hire an employee who signed the employment agreement in Washington and then resided in Washington. The employment agreement contained both Washington choice of law and Washington choice of forum clauses. That employee later left his Washington employment and began to work for a California company, Google. There were two lawsuits filed: (i) the first one in Washington state court in which the former employer was the Plaintiff; and (ii) a second one in California state court that was later removed to U.S. District Court. Shortly after the California action was filed, the Washington state court issued a temporary restraining order and then held an evidentiary hearing. It then granted a preliminary injunction to the Washington employer enjoining the employee from working for Google. Pending before Judge Whyte were two motions: (i) a motion for summary judgment from the employee and his new employer as to the noncompete clause; and (ii) a motion for stay by the Washington employer. The court deferred its ruling on the motion for summary judgment and granted the requested stay.

In its analysis, the court's sole task was to perform a *Brillhart* analysis[5]. *Brillhart v. Excess Ins. Co. Of America,* 316 U.S. 491 (1942). Such an analysis takes place when one of the actions is a <u>state</u> court action and the other is a parallel action pending in <u>federal</u> court. Under *Brillhart*, the action is to remain in state court when there is parallel litigation and the federal court action is solely requesting declaratory relief. *Google*, 415 F.Supp.2d at 1020-1021[6].

---

[5]   This is often referred to as the Declaratory Relief Abstention. [See Plaintiffs' Opposition to Motion to Dismiss, Docket 16, pages 5-7]. It refers to parallel actions where one is pending in state court and the other in U.S. District court and where the District Court action requests only injunctive relief. *Id.* and citations therein.

[6]   Indeed, this was the method of analysis urged by the Washington Defendant in our case: that a *Brillhart* analysis required this court to stay this action. [Defendant's Motion to Dismiss, Docket 9]. However, *Brillhart* only applies when one of the cases is pending in state court. It does not apply when the two cases are both in federal district court.

1    In an effort to avoid the inevitable result of *Brillhart*, the employee and his new employer

2    attempted to find a chink in the *Brillhart* analysis. *Google*, 415 F.Supp.2d at 1022 *et seq*. They

3    offered the difference in how the two states treat noncompetition clauses in an effort to show that

4    the two cases were not parallel cases after all. *Google*, 415 F.Supp.2d at 1022. The court

5    dismissed the effort to show that the cases were not truly parallel cases. *Id.* at 1025-1026.

6    In so doing, the court performed an analysis of Washington and California law on

7    noncompete clauses. *Google,* 415 F.Supp.2d at 1022. The court agreed that California has a

8    strong interest in the subject of noncompete clauses and Washington's interest was not as strong.

9    The court also agreed that the clauses would not be treated the same in both jurisdictions. The

10   court did not find these issues dispositive in the procedural context in which it found itself

11   because the issues did not change the fact that the two cases were parallel litigation. Since the

12   cases were parallel, the *Brillhart* abstention controlled and the district court case would be

13   stayed. *Google*, 415 F.Supp.2d at 1025-1026.

14   Since Plaintiff's argument (that the cases were not truly parallel) was also based on the

15   choice of law provision, the *Google* court also entered into an analysis of whether the choice of

16   law clause was would be enforced. *Google*, 415 F.Supp.2d at 1023-1025. In so doing, the court

17   performed an examination of the Restatement factors for disregarding a Washington choice of

18   law provision. *Id.* Specifically, the court noted the difference in how the two states deal with

19   noncompete clauses and stated that California had expressed a particular interest in these clauses

20   while Washington had not. *Google,* 415 F.Supp.2d 1022.

21   The analysis may have been a suggested roadmap for the Washington state court because

22   the *Google* court then found that the Washington state court "should apply California law" to the

23   case if the Washington court finds that Washington's interest in noncompete clauses is not as

24   strong as that of California (after already making that statement). The *Google* court announced

25   that Plaintiff's choice of law argument was "colorable" – that Plaintiffs "have a colorable

26   argument that California's interest in adjudicating the validity of the covenant not to compete

27   exceeds Washington's[7].

28

CARLE, MACKIE,
POWER & ROSS LLP

[7]   As do we here, the *Google* court cited to *Application Group* in this regard. *Google,* 415 F.Supp.2d 1023.

14

1    In this line of discussion, the *Google* court also noted that, while certain facts would

2 swing the choice of law decision the other way, the Restatement "factors suggest that California

3 could be the state of applicable law." These potentially troubling facts in *Google* were that the

4 agreement was negotiated and executed in Washington; these could point the case back to

5 Washington law. (In contrast, the agreements in our case were negotiated and executed in

6 California and so the case for the application of California law is even stronger than it was in

7 *Google*.)

8    Of course, the *Google* case has many parallels with -- as well as many differences from --

9 our case. Like *Google*, there are issues regarding section 16600, noncompete clauses, a

10 Washington-based former employer and a Washington choice of law contractual provision. As

11 such, the portion of *Google* discussing the choice of law provisions may be a useful parallel.

12    However, there are also fundamental differences between *Google* and our case. First

13 among them is the lack of any *state* court case and therefore any issue associated with the

14 Declaratory Relief Abstention of *Brillhart*. That abstention is based on the comity between

15 federal and state courts and so does not exist when the two cases are both pending in federal

16 cases[8]. *See Rhoades v. Avon Products, Inc.* 504 F.3d 1151, 1165 (9th Cir. 2007) [The factors

17 weighing in favor of deferral when one of the actions is pending in state court, "based mostly on

18 issues of comity, are [not] applicable to the pending parallel TTAB proceedings in this case, to

19 which the district court owes no special deference." ]. There is no comity or federalism concern

20 when the two actions are both in federal district courts and the *Brillhart* analysis therefore does

21 not even come into play. However, that abstention issue was the primary point of discussion in

22 *Google* decision.

23    Indeed, under our procedural context, there is no rule of civil procedure or statute to

24 prevent both District Court actions from running concurrently[9]. Indeed, the legal theories of *res*

25

26    [8] In addition, the Declaratory Relief Abstention of *Brillhart* only applies when Plaintiff is seeking declaratory relief as a sole remedy. In our case, Plaintiffs are seeking both declaratory relief and damages.
27    [9] Under *Rhoades*, the action that should proceed is the one that will further efficiency. *Rhoades*, 504 F.3d at 1165. "The deciding factor should be efficiency; the district court should exercise jurisdiction 'if this course is more efficient; otherwise not.'" *Id.* (citation omitted). This motion for summary judgment will do just that. It is
28 expected that a decision on the subject clauses will cascade into resolution of all of the pleaded claims between the parties in both actions.

1  *judicata* and *collateral estoppel* presuppose that there can be parallel litigation.  "A case filed at

2  the same time or even later than another case may still be the basis for preclusion.  Two cases

3  may proceed simultaneously toward judgment, with the case first reaching final judgment

4  becoming the basis for precluding the other case."  Moore's Federal Practice, (3rd Ed)

5  §131.31[2], p. 131-115 - 131-116.  See also *Interwoven, Inc. v. Vertical Computer System*, 2011

6  U.S. Dist. LEXIS 9124[10]; *Saleh v. Titan Corp.*, 353 F.Supp.2d 1087 (S.D. Cal. 2004)[11]; *Joescan,*

7  *Inc. v. LMI Technologies, Inc.,* 2007 U.S. Dist. LEXIS 65498 (WD Wash 2007)[12].

8       A second difference between Google and our case is that the state court case in *Google*

9  was the first-filed case.  In our case, and referring to a matter briefed earlier in the case, the First

10  to File Rule places *this* court as the first-filed case.

11       Third, the bits and pieces of fact indicating that Washington law might apply in the

12  *Google* case are not present in our case.  In *Google*, the agreement was negotiated in

13  Washington.  In our case, the agreements were negotiated in California.  [UMF #8, 10, 23, 24].

14  Indeed, Mr. Sughrue's job interview was in California [UMF #24] and CH2O's contact with

15  Mr. Bernier about the job took place while Mr. Bernier was at his home in California.  [UMF #8,

16  10].  In *Google*, the agreement was executed in Washington.  Not so in our case; as to Mr.

17  Sughrue at least, the agreement was signed in California [UMF #26] (the parties disagree at

18  present as to where Mr. Bernier signed his agreement).  In *Google*, the employee had been a

19  resident of Washington at the time of both his employment and the execution of the contract

20  containing the noncompete clause.  Again, not so here.  Both Mr. Bernier and Mr. Sughrue

21  were California residents at the time that they went to work for CH2O and remain long-term

22

23       [10]   In *Interwoven,* Plaintiffs filed a declaratory judgment action in the Northern District of California and Defendants filed their own patent infringement claim in the Eastern District of Texas not long thereafter.  Plaintiffs

24  wanted the Texas action enjoined and Defendants wanted the California action moved or dismissed.  Seeking "refuge" in the First to File rule, Judge Seeborg denied everyone their requested relief, leaving both cases to proceed.  *Interwoven*, *supra,* 2011 U.S. Dist. LEXIS 9124, *2. .

25       [11]   In *Saleh*, the California-based distract court case was the first-filed case and Plaintiffs were seeking class action certification.  Five putative class members brought their own, second-filed, suit in the District of

26  Columbia.  The Southern District refused to enjoin the other action.  As such, the two actions proceeded separately in the different district courts.

27       [12]   In *Joescan*, the court refused to enjoin parallel litigation in a Pennsylvania district court.  While two separate suits might "waste judicial resources and lead to inconsistent rulings," that alone did not mandate an order

28  enjoining the Pennsylvania action.  Simply that there would be duplicative litigation was not a sufficient reason to enjoin the other action: the two actions could co-exist.

1  California residents.  [UMF #5, 10, 22, 30].

2        **6.  An Additional Factor is the Presence of Meras as a Plaintiff in this Action**

3        Meras has the expectation of any California resident that California law would apply to

4  its legal rights.  Meras did not agree to the noncompete or the choice of law provisions.  Yet,

5  Meras is as interested a party as anyone in declaring the noncompete and nonsolicitation

6  provisions to be invalid under section 16600.  Indeed, Meras has an understandable interest in

7  knowing whether and to what extent it may continue to employ Mr. Bernier and Mr. Sughroue.

8  Meras also has an understandable concern about its customers, and whether and to what extent

9  Mr. Bernier and Mr. Sughroue may have contact with those customers.

10  **V.**

11  **PLAINTIFFS ARE ENTITLED TO PARTIAL SUMMARY JUDGMENT ON THEIR
SECOND CLAIM FOR UNFAIR COMPETITION**

12

13        Plaintiffs' second claim for relief is based on unfair competition.  The claim states, in

14  essence, that Defendant's enforcement of the otherwise void and unenforceable clauses (under

15  section 16600) provides Defendant with an unfair competitive advantage in violation of Business

16  and Professions Code section 17200.  Indeed, attempted enforcement of such clauses plainly

17  constitutes a violation of section 17200.

18        In *Dowell,* Plaintiffs were employees and their current employer, giving the former

19  employer over the enforceability of employee contracts.  The employees had signed a contract

20  with their former employer containing noncompete and nonsolicitation clauses.  Plaintiffs

21  brought suit against the former employer because the former employer had expressed its intent to

22  enforce those clauses, by sending a cease and desist letter to the new employer.   Plaintiffs'

23  claims were those of declaratory relief and unfair competition.  The trial court granted summary

24  adjudication, finding that attempted enforcement of the noncompete and nonsolicitation clauses

25  violated section 17200 as a matter of law.  *Id.* at 575.  The Court of Appeal affirmed the

26  judgment.

27        Section 17200 was implicated by the noncompete and nonsolicitation clauses.  *Id.*

28

1   "Based on the foregoing it is clear that the noncompete and nonsolicitation clauses in the

2   agreements with [the employees] are void and unenforceable under section 16600 and that their

3   use violates section 17200." *Id.*

4       Moreover, summary judgment was the proper vehicle for a determination of the section

5   17200 claim. *Id.* at 575, 579.  "Having properly determined that the clauses were facially void

6   under section 16600, the trial court was not required to undertake any further analysis." *Id.* at

7   579.

8       As such, this court's determination that one or more of the clauses in Mr. Bernier and Mr.

9   Sughroue's contracts are void also supports summary judgment on the Section 17200 claim.

10   **VI.**   <u>**CONCLUSION**</u>

11       This case involves an issue of important California public policy.  California statute

12   declares noncompete and nonsolicitation clauses void.  Since the subject clauses are void,

13   Plaintiffs are free to continue their work here in California which is, after all, the stated purpose

14   of Section 16600.

15       Defendant's attempted enforcement of Section 16600 has an anticompetitive effect by

16   providing out of state businesses with a competitive edge, in California, over California

17   employers, with regard to California resident employees.  It is thus a violation of section 17200

18   as well.

19       California law applies.  Washington does not have a *substantial* relationship to the

20   parties.  Under California Supreme Court precedent, that alone is enough to warrant the

21   application of California law, despite the presence of the choice of law provision.  *Nedlloyd,* 3

22   Cal.4[th] at 466.  However, even the other Restatement factors point to the application of

23   California law.  There is no question that Section 16600 is a fundamental policy of California

24   law.  Moreover, California has a materially greater interest in upholding its specific policy

25   against noncompete and nonsolicitation clauses than Washington does on the issue of such

26   clauses.  As such, the choice of law is that of California, notwithstanding the choice of law

27   provision in the contracts.

28   *//*

1       For reasons as set forth herein, Plaintiffs therefore respectfully request that the Court grant

2   their Motion for Partial Summary Judgment on Plaintiffs' 1st and 2nd claims for relief.

3                                 Respectfully Submitted,

4   Dated:  June 22, 2012                  CARLE, MACKIE, POWER & ROSS LLP

5

6

7                               By:___s/Kimberly Corcoran_____
                              DAWN M. ROSS

8                                 KIMBERLY CORCORAN
                              Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CARLE, MACKIE,
POWER & ROSS** LLP

Notice of Motion and Motion for Partial Summary Judgment and Supporting Ps&As  – Case No: C 11-00389 LB