DAWN M. ROSS (SBN 143028)
KIMBERLY CORCORAN (SBN 148229)
CARLE, MACKIE, POWER & ROSS LLP
100 B Street, Suite 400
Santa Rosa, California 95401
Telephone: (707) 526-4200
Facsimile: (707) 526-4707

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERAS ENGINEERING INC., a California corporation, RICH BERNIER and JAY SUGHROUE,<br><br>Plaintiffs,<br><br>v.<br><br>CH$_2$O, Inc., a Washington Corporation,<br><br>Defendant(s). | **CASE NO. C 3:11-00389 LB**<br><br>**JOINT STATEMENT OF MATERIAL FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:    August 2, 2012<br>Time:   11:00 a.m.<br>Ctrm:   C – 15 Floor<br>Judge:  Hon. Laurel Beeler<br><br>**Jury Trial Requested** |

Plaintiffs Meras Engineering, Inc., Rich Bernier and Jay Sughroue (herein "Plaintiffs") and Defendant CH$_2$O, Inc. submit this joint statement of undisputed material facts ("UMFs") with reference to supporting evidence pursuant to Rule 11 of Judge Beeler's Standing Order. This Rule requires motions for summary judgment to be accompanied by a joint statement of the material facts that the parties agree are not in dispute. The joint statement shall include – for each undisputed fact – citations to admissible evidence. The parties understand that failure to stipulate to an undisputed fact without a reasonable basis for doing so may result in sanctions.

//
//
//
//

## SEPARATE STATEMENT OF MATERIAL FACTS

| **CH$_2$O** | |
|---|---|
| 1. CH$_2$O, Inc, is a Washington corporation with its principal place of business in Washington. | Answer and Affirmative Defenses to Second Amended Complaint filed 07/07/11 (herein "Answer"), ¶1<br>• Docket 37, page 2 |
| 2. CH$_2$O, Inc. is the former employer of plaintiff Mr. Bernier. | Declaration of Counsel, Philip J. Terry, in Opposition to Motion to Dismiss, filed 04/14/11 (herein "Terry declaration"), Exhibit C thereto, ¶19<br>• Docket 19, page 19 |
| 3. CH$_2$O, Inc. is the former employer of plaintiff Mr. Sughroue. | Terry declaration, Exhibit E thereto, ¶2<br>• Docket 19, page 34 |
| 4. CH$_2$O has made efforts to enforce the noncompete and nonsolicitation provisions in Mr. Bernier and Mr. Sughroue's employment contracts with CH$_2$O. | Declaration of Peter T. Petrich in Support of Motion to Dismiss, filed 03/15/11 (herein "Petrich declaration", exhibit A thereto [Washington complaint for damages against Mr. Bernier and Mr. Sughroue].<br>• Docket 10-1, pages 2-7 |
| | |
| **Mr. Bernier** | |
| 5. Mr. Bernier moved to California in 1994 and has resided here since that time. | Terry declaration, Exhibit C thereto, ¶5<br>• Docket 19, page 16 |
| 6. Since 1994, Mr. Bernier has not maintained or established any sales or related contacts in Washington. | Terry declaration, Exhibit C thereto, ¶13<br>• Docket 19, page 18 |
| 7. Mr. Bernier has been in the industrial water treatment business since 1989. | Terry declaration, Exhibit C thereto, ¶3-8<br>• Docket 19, pages 16-17 |
| 8. CH$_2$O instituted the first contact with Mr. Bernier for a job while Mr. Bernier was at his home in California; the discussion about the job offer took place in California. | Terry declaration, Exhibit C thereto, ¶10<br>• Docket 19, page 17 |
| 9. When Mr. Bernier was hired by CH$_2$O in 2007, he was required to sign an employment agreement. | Terry declaration, Exhibit C thereto, ¶11<br>• Docket 19, page 17 |
| 10. At the time that Mr. Bernier signed the employment agreement with CH$_2$O, Inc., he was a resident of California. | Terry declaration, Exhibit C thereto, ¶12<br>• Docket 19, page 18 |
| 11. [omitted] | |

| | | |
|---|---|---|
| 1, 2, 3 | 12. The employment agreement between Mr. Bernier and his former employer, $CH_2O$, contains noncompete and nonsolicitation provisions. | Petrich declaration, exhibit A of Exhibit A thereto [$CH_2O$, Inc. employment agreement for Richard Bernier].<br>• Docket 10-1, pages 11-12 |
| 3, 4, 5 | 13. The employment agreement between Mr. Bernier and his former employer, $CH_2O$, Inc. required him to perform his job duties in California. | Terry declaration, Exhibit C thereto, ¶12<br>• Docket 19, page 18 |
| 6, 7, 8 | 14. Mr. Bernier's employment agreement with $CH_2O$, Inc., contained a Washington choice of law provision. | Petrich declaration, exhibit A of Exhibit A thereto [$CH_2O$, Inc. employment agreement for Richard Bernier].<br>• Docket 10-1, page 13 |
| 9, 10 | 15. While an employee of $CH_2O$, Mr. Bernier did not sell product to or service customers in Washington. | Declaration of Plaintiff Rich Bernier in Opposition to Motion to Dismiss, filed 04/14/11 (herein "Bernier declaration"), ¶2<br>• Docket 17, pages 1-2 |
| 11, 12, 13 | 16. The work that Mr. Bernier conducted for $CH_2O$ pursuant to the subject employment agreement was conducted from Mr. Bernier's home office in California. | Terry declaration, Exhibit C thereto, ¶13<br>• Docket 19, page 18 |
| 14, 15, 16 | 17. The work that Mr. Bernier did for $CH_2O$ pursuant to the subject employment agreement was for the agricultural industry predominantly in California. | Terry declaration, Exhibit C thereto, ¶10<br>• Docket 19, page 17 |
| 17, 18 | 18. Mr. Bernier worked for $CH_2O$ from 2007 until January 2011. | Terry declaration, Exhibit C thereto, ¶ 10<br>• Docket 19, page 17 |
| 19, 20 | 19. In January 2011, Mr. Bernier went to work for plaintiff Meras Engineering, Inc., a California corporation. | Terry declaration, Exhibit C thereto, ¶ 20<br>• Docket 19, page 19 |
| 21, 22, 23 | 20. Mr. Bernier's customers while working for his new employer, Meras Engineering, Inc. are California residents, not residents of Washington. | Bernier declaration, ¶2<br>• Docket 17, page 1 |
| 24, 25 | 21. Mr. Bernier has not sold product to or serviced customers in Washington while an employee of Meras Engineering, Inc. | Bernier declaration, ¶2<br>• Docket 17, page 1-2 |
| 26 | **Mr. Sughroue** | |
| 27, 28 | 22. Mr. Sughroue has lived in California for the last 11 years. | Terry declaration, Exhibit E thereto, ¶5<br>• Docket 19, page 34 |

| # | Fact | Source |
|---|---|---|
| 23. | Mr. Sughroue became employed with $CH_2O$ after he answered an advertisement in California; further discussions occurred by telephone from Mr. Sughroue's home in California. | Terry declaration, Exhibit E thereto, ¶6<br>• Docket 19, page 34 |
| 24. | Mr. Sughroue became employed with $CH_2O$ after a job interview that took place in California. | Terry declaration, Exhibit E thereto, ¶7<br>• Docket 19, page 34 |
| 25. | When Mr. Sughroue was hired by $CH_2O$, he was required to sign an employment agreement. | Terry declaration, Exhibit E thereto, ¶9<br>• Docket 19, page 35 |
| 26. | Mr. Sughroue signed the $CH_2O$ employment agreement in California. | Terry declaration, Exhibit E thereto, ¶10<br>• Docket 19, page 35 |
| 27. | Mr. Sughroue's work for his former employer, $CH_2O$, Inc. was predominantly in California. | Terry declaration, Exhibit E thereto, ¶10<br>• Docket 19, page 35 |
| 28. | The employment agreement between Mr. Sughroue and his former employer, $CH_2O$, contains noncompete and nonsolicitation provisions. | Petrich declaration, exhibit B of Exhibit A thereto [$CH_2O$, Inc. employment agreement for Jay Sughroue]<br>• Docket 10-1, page 23 |
| 29. | Mr. Sughroue's employment agreement with $CH_2O$, Inc., contained a Washington choice of law provision. | Petrich declaration, exhibit B of Exhibit A thereto [$CH_2O$, Inc. employment agreement for Jay Sughroue].<br>• Docket 10-1, page 24 |
| 30. | During the entire time that Mr. Sughroue was employed by $CH_2O$, he lived in California and worked predominantly in California. His work base was his home office in California. | Terry declaration, Exhibit E thereto, ¶¶2, 16<br>• Docket 19, pages 34 and 36 |
| 31. | While an employee of $CH_2O$, Mr. Sughroue's territory was in California. | Terry declaration, Exhibit E thereto, ¶4<br>• Docket 19, page 34 |
| 32. | While an employee of $CH_2O$, Mr. Sughroue did not sell product to, or service customers in, Washington. | Declaration of Plaintiff Jay Sughroue in Opposition to Motion to Dismiss filed 04/14/11 (herein "Sughroue declaration"), ¶2<br>• Docket 18, pages 1-2 |
| 33. | Mr. Sughroue worked for $CH_2O$ from December 2009 until January 2011. | Terry declaration, Exhibit E thereto, ¶2<br>• Docket 19, page 34 |

| | |
|---|---|
| 34. In 2001, Mr. Sughroue went to work for plaintiff Meras Engineering, Inc., a California corporation. | Terry declaration, Exhibit E thereto, ¶20<br>• Docket 19, page 36 |
| 35. Mr. Sughroue's customers while working for his new employer, Meras Engineering, Inc. are California residents, not residents of Washington. | Sughroue declaration, ¶2<br>• Docket 18, page 1 |
| **Meras Engineering, Inc.** | |
| 36. Meras Engineering, Inc. is in the water treatment industry. | Second Amended Complaint filed 06/08/11, ¶24<br>• Docket 36, page 5<br><br>Answer, ¶24 (admitting paragraph 24 of the Second Amended Complaint).<br>• Docket 37, page 5 |
| 37. Meras Engineering, Inc. has no offices in Washington, does no business in Washington and has no employees located within the State of Washington. | Terry declaration, Exhibit G thereto, ¶4<br>• Docket 19, page 47 |
| 38. Meras Engineering, Inc. is a California Corporation with its principal place of business in California. | Second Amended Complaint filed 06/08/11, ¶3<br>• Docket 36, page 2<br><br>Answer, ¶3 (admitting paragraph 3 of the Second Amended Complaint).<br>• Docket 37, page 2 |
| 39. Meras Engineering Inc. is not a party to the case pending in the Western District of Washington. | Terry declaration, Exhibit G thereto, ¶3<br>• Docket 19, page 47 |

Respectfully Submitted,

Dated: June 22, 2012            CARLE, MACKIE, POWER & ROSS LLP

                       By:   s/Kimberly Corcoran
                             KIMBERLY CORCORAN
                             Attorneys for Plaintiffs

**CARLE, MACKIE, POWER & ROSS** LLP

1    Pursuant to Rule 11 of Judge Beeler's Standing Order, defendant $CH_2O$ agrees that the above facts are not in dispute between the parties.

2    Dated:  June 22, 2012                    DAVIES PEARSON, P.C.

3

4                         By:    s/Rebecca M. Larson
                                 REBECCA M. LARSON
5                                Appearance *Pro Hac Vice*
                                 Attorneys for Defendant $CH_2O$, Inc.