# UNITED STATES DISTRICT COURT

## Northern District of California

### San Francisco Division

| | |
|---|---|
| MERAS ENGINEERING, INC., a California Corporation, RICH BERNIER, and JAY SUGHROUE,<br><br>    Plaintiffs,<br>    v.<br>CH2O, INC.,<br><br>    Defendant.<br>_____/ | No. C 11-00389 LB<br><br>**ORDER RELATING CASES AND DESCRIBING PROCEDURAL BACKGROUND** |
| MERAS ENGINEERING, INC., a California Corporation, and CHAD WALROD,<br><br>    Plaintiffs,<br>    v.<br>CH2O, INC.,<br><br>    Defendant.<br>_____/ | No. C 12-2738 EMC |

## I. INTRODUCTION

The court relates the two cases for the reasons below. Because this results in the reassignment of a fully-consented case away from this court, the order sets forth information about the facts, procedural history, and discussions with the parties on the record at case management conferences. The idea is that the context may be helpful from a case management perspective for both cases moving forward.

ORDER (C 11-00389 LB)

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

### A. Substantive Allegations for Case No. C 11-00389 LB

CH2O, Inc. ("CH2O") is a Washington company with its principal place of business in Thurston County, Washington state. Second Amended Complaint, ECF No. 36, ¶ 6. Meras Engineering, Inc. ("Meras") is a California company with its principal place of business in San Francisco, California. *Id*., ¶ 3. Meras and CH2O both sell water treatment chemicals and thus are competitors. *Id*., ¶¶ 9, 16. Two former employees of CH2O and their new employer Meras challenge the clauses in their employment agreements with CH2O that restrict them from working with competitors or selling similar products to CH2O's customers. *Id.*, ¶¶ 2, 13-14. The two former employees are Rich Bernier and Jay Sughroue. CH2O hired Mr. Sughroue in December 2009 as a sales representative and Mr. Bernier in March 2007 as a field representative. *Id.*, ¶¶ 10, 18. Mr. Sughroue worked out of his home in Riverside, California, was based in Temecula, California, and had clients in the agricultural, horticultural and nursery industries in Southern California. *Id.*, ¶¶ 10-11. Mr. Bernier was based in Fresno, California, with clients in Central and Northern California. *Id.*, ¶ 18. Both sold products only to California customers and not to any Washington state customers. Rich Bernier Declaration, ECF No. 17 at 1-2, ¶ 2; Jay Sughroue Declaration, ECF No. 18 at 1-2, ¶ 2.

Both employees signed non-negotiable employment contracts with CH2O with non-complete clauses. Second Amended Complaint, ECF No. 36, ¶¶ 2, 7. That clause prohibits them from being "employed by any business of a similar nature to that of [CH2O] . . . which is in competition with [CH2O] . . . in the U.S. or internationally" for three years (Mr. Bernier) or two years (Mr. Sughroue). *Id.*, ¶¶ 2, 13, 21; ECF No. 47 at 5-6, ¶ 6 and 12-13, ¶ 6. The contracts also prohibit them from "soliciting or selling the same or similar products or services as are sold by [CH2O] . . . to any of [CH2O's] . . . regular customers" for two years. Second Amended Complaint, ECF No. 36, ¶ 13, 21; ECF No. 47 at 5-6, ¶ 6 and 12-13, ¶ 6.

The contracts both prohibit disclosure of confidential information. ECF No. 47 at 6, ¶ 7, and 13, ¶ 7. Mr. Bernier and Mr. Sughroue do not want to use CH2O's trade secrets but want to solicit customers and contacts they brought with them from CH2O. Second Amended Complaint, ECF No. 36, ¶¶ 17, 25.

Mr. Bernier's contract has a liquidated damages provision of 25% of all sales in perpetuity for violating the non-compete and non-solicitation clauses. ECF No. 47 at 13-14, ¶ 9. Both contracts state that Washington law governs the contract's interpretation, a party must initiate a suit involving the contract in Thurston County, Washington, and claims for damages (as opposed to injunctive relief) are subject to mandatory arbitration. *Id.* at 6, ¶ 13, and 14-15, ¶ 14.

Mr. Bernier and Mr. Sughroue resigned from CH2O on January 25, 2011, and they began work at Meras the next day. Second Amended Complaint, ECF No. 36, ¶¶ 10-11. They filed a declaratory relief action in the Northern District of California the same day. *See* ECF No. 1; Second Amended Complaint, ECF No. 36 (claim one seeks declaratory relief). The complaint also contains claims for a violation of California's unfair competition law (Business and Professions Code § 17200), intentional interference with prospective business advantage, negligent interference with prospective business advantage, and intentional interference with contractual relations. *See* Second Amended Complaint, ECF No. 36.

## B. Substantive Allegations in C 12-02738 EMC

This case also is a lawsuit against CH2O, again by a former employee (Chad Walrod) and his new employer Meras. They challenge the clauses in Mr. Walrod's employment agreement with CH2O that restrict Mr. Walrod from working with competitors or selling similar products to CH2O's customers. Complaint, ECF No. 1, ¶¶ 11-13. Mr. Walrod signed different employment agreements while he was at CH2O, and the last was in May 2009. *Id.*, ¶ 11. The contract was a non-negotiable employment contract with the same basic non-complete clauses at issue in the low-numbered case. *See id.*, ¶ 12. One clause prohibits Mr. Walrod from being "employed by any business of a similar nature to that of [CH2O] . . . which is in competition with [CH2O] . . . in the U.S. or internationally" for two years. *Id.* The contract also prohibits him from "soliciting or selling the same or similar products or services as are sold by [CH2O] . . . to any of [CH2O's] . . . customers" for one year. *Id.*, ¶ 18.

Like the contract in the lower-numbered case, Mr. Walrod's contract prohibits the disclosure of confidential information. He does not want to use CH2O's trade secrets but want to solicit customers and contacts he brought with him from CH2O. *See id.*, ¶¶ 15, 26.

ORDER (C 11-00389 LB)
3

Mr. Walrod's contract also states that Washington law governs the contract's interpretation, a party must initiate a suit involving the contract in Thurston County, Washington, and claims for damages (as opposed to injunctive relief) are subject to mandatory arbitration. *Id*. at 20, ¶ 13.

Mr. Walrod resigned from CH2O on May 1, 2012 and began working at Meras shortly after. Complaint, ECF No. 1, ¶ 7. He filed his case in the Northern District of California on May 29, 2012. It contains the same claims as in the low-numbered case: declaratory relief, a violation of California's unfair competition law (Business and Professions Code § 17200), intentional interference with prospective business advantage, negligent interference with prospective business advantage, and intentional interference with contractual relations. *See id*.

## C. **Additional Relevant Procedural Background**

In the low-numbered case, the employees and Meras sued for declaratory relief the day after they resigned from CH2O and on the same day they started work for Meras (based in San Francisco). Second Amended Complaint, ECF No. 36, ¶¶ 15-16, 23-24. A few weeks later, CH2O sued the employees (but not Meras) for injunctive relief and damages in Washington state court, asserting breach of the employment contracts, misappropriation of proprietary information, and tortious interference with a covenant not to compete. ECF No. 10-1, Exh. A. The former-CH2O-and-current-Meras employees removed the case to federal court in the Western District of Washington. ECF No. 10 at 2, ¶ 3. After a motion to dismiss, the district court in the Western District of Washington declined to apply the first-to-file rule or otherwise transfer the case here. *CH2O v. Bernier*, No. C 11-5153 RJB, ECF Nos. 15, 23 (denying motion to reconsider). Meras and the employees petitioned the Ninth Circuit for a writ on mandamus, which the Ninth Circuit ultimately denied. *See* ECF Nos. 39, 46. (The parties stayed both the Washington and California federal cases while the writ was pending with the Ninth Cir. *See id.*)

From the time the case was filed, here, CH2O generally wanted this court to refuse jurisdiction under the Declaratory Judgment Act and either dismiss in favor of the federal case in Washington that was removed from state court or at least stay the proceedings. *See, e.g.*, ECF Nos. 9. Meras, on the other hand, wanted this court to hear the case under the first-to-file rule. *See, e.g.*, ECF No. 16. This is all in the procedural posture of what happened in district court in Washington. The district

ORDER (C 11-00389 LB)
4

court there not only declined to apply the first-to-file rule or otherwise transfer the case here but also applied Washington law to analyze the covenant not to compete. *See CH2O v. Bernier*, No. C 11-5153 RJB, ECF Nos. 15, 23. As described below in more detail, this was not the result that Plaintiffs wanted. They believe that California law applies and filed here to secure a California forum. *See, e.g.,* Joint Case Management Conference Statement, ECF No. 38 at 2.

Because Plaintiffs filed a mandamus petition with the Ninth Circuit, the parties negotiated a temporary stay here. *See* ECF No. 44. Given that the two-year non-compete period was expiring for one employee, the court also encouraged mediation or settlement efforts during the interim period. *See id.* After the Ninth Circuit denied the mandamus petition, the court lifted the stay in April 2012. *See* ECF No. 46. Then Mr. Bernier filed for bankruptcy in the Eastern District of California. *See* ECF No. 48. The parties agreed to stay the entire Washington case. *Id.* at 5.

Plaintiffs then sought to advance the case here, arguing that as a debtor-plaintiff, Mr. Bernier could continue to litigate here. *Id.* at 1. CH2O thought this was unfair and unnecessarily duplicative. *Id.* It also said it "would anticipate" asking the Washington district court to lift the stay or seek relief from the bankruptcy court's stay. *Id.* at 6. As of the last case management conference on June 28, 2012, it had not done either. *Id.*

The new high-numbered case was assigned to a different magistrate judge, Plaintiffs did not consent to that judge, and the case was assigned to Judge Chen. *See* Docket Sheet for C 12-02738 EMC. At the court's request, Plaintiffs filed an administrative motion to relate the cases so that CH2O could object (which it did). *See* C 11-00389 LB, ECF Nos. 59 (noting that Plaintiff will not consent in second case and thus cases will be transferred to Judge Chen if they are related), 62.

Apparently CH2O has filed a state case against Mr. Walrod that has not been removed to federal court. Opposition to Motion to Relate Cases, ECF No. 62 at 2. CH2O also asserts that unlike the plaintiff-employees in the low-numbered case (who lived and worked entirely in California when they worked for CH2O), Mr. Walrod lived in Washington state when he worked for CH2O and dealt with "different markets and purchasers from Mr. Bernier and Mr. Sughroue." *Id.*

There are two pending motions in the low-numbered case: Plaintiffs' motion for summary judgment (ECF No. 54), which argues that the covenants not to compete are statutorily void under

California law, and Defendant's motion to stay this case pending the outcome in the Western District of Washington (ECF No. 58). At the last hearing, the court essentially stayed the summary judgment motion and took it off calendar (basically because the choice of forum issue needs to come first), but Plaintiffs want it heard. *See* ECF No. 57. The motion to stay is noticed for September 6, 2012. The court also referred the case for a settlement conference here. *Id.* There is a settlement conference on August 30, 2012 before Judge Cousins. ECF No. 61.

### III. DISCUSSION

Under Civil Local Rule 3-12, cases are related when they involve substantially the same parties or events, and it appears likely that there will be conflicting results if the cases are conducted before different judges. Here, Meras (the new employer) and CH2O (the old employer) are both parties, and the employment contracts at issue for the three employees contain the same provisions about non-competition, non-solicitation of CH2O customers, and choice of law and venue.

CH2O points to two differences with Mr. Walrod: he lived in Washington state (unlike the low-numbered plaintiffs), and he had different markets. Those facts are not supported by affidavit. Still, even considering them, the case really is about the choice of law provision that ought to apply. And the real issue is that the district court in Washington has already decided the issue in a way that favors CH2O. So, not only is there the issue of two cases here with the same contract provisions (and the danger of different interpretations of those contracts), but also, there is the real issue of this district's reaching a different result than the court in Washington.

Under a straight comparison of the two cases here, the court concludes that the cases are related. But given that the court has spent a lot of time with the parties on the interplay with the Washington case that involves the same former employees as in the low-numbered case, the court sets forth a few more observations. (It looks like the same issues probably exist in the second high-numbered case, which apparently also involves a related state case brought by CH2O.)

Both this court and the Washington district court, sitting in diversity, must apply (1) federal law to the issue of whether to honor the forum selection clause, and (2) the state law (California or Washington) to the issue of whether the choice-of-law clause and the covenant not to compete are enforceable. *See Google, Inc. v. Microsoft Corp.*, 415 F. Supp. 2d 1018, 1022 (N.D. Cal. 2005)

(Whyte, J.). Whether California or Washington state law applies matters because the different states view covenants not to compete differently. *Id.* The statute at issue in California is California Business and Professions Code § 16600, which provides that "every contract by which anyone is restrained from engaging in a lawful profession, trade or business of any kind is to that extent void." California also "'has a strong interest in protecting its employees from noncompetition agreements under section 16600.'" *Id.* (quoting *Advanced Bionics v. Medtronic, Inc.*, 29 Cal. 4th 697, 706-07 (2002)). But Washington courts uphold covenants not to compete if they are "reasonable." *Id.* (citing *Perry v. Moran*, 109 Wash. 2d 691, 698 (1987)). So Plaintiffs here are concerned that their interests are not protected in a Washington forum. *See id.*

But as the court explained in *Google*, the plaintiffs can ask the Western District of Washington to apply California law (and they have). Both states apply the Restatement (Second) of Conflict of Laws to determine whether choice-of-law provisions are valid. *Id.* (comparing Washington and California cases). Indeed, that is what the district court in Washington did. *See* WDWA ECF No. 15. What plaintiffs really complain about is the district court's decision in Washington (applying the Washington state standard), and they want the district court here to come out a different way and apply the California standard. As the undersigned discussed extensively with the parties, this is at best awkward, and it raises a host of issues when one considers that the court's authority under the Declaratory Judgment Act, 28 U.S.C. § 2201, is permissive, not mandatory. *See, e.g., Google*, 415 F. Supp. 2d at 1020. The court discussed with Plaintiffs that they have their remedies in the Washington forum through appeal (if necessary).

Similarly, and again as the court explained in *Google*, an argument that the Washington court will necessarily focus on the forum state's public policy fails. The Restatement – which permits courts to strike down choice-of-law clauses when (among other things) they are contrary to a fundamental policy of a state that has a materially greater interest than the chosen state – sets forth a forum-neutral rule. *Id.* Indeed, in another case in Washington state superior court, that is what the state court did: it declined to apply the Washington choice-of-law provision regarding the covenant not to compete and instead applied California law. WDWA ECF No. 11 at 2-9. Again, Plaintiffs really complain about how the Western District applied the Restatement, and again, as the court

ORDER (C 11-00389 LB)
7

discussed, there is a remedy: appeal.

Plaintiffs "have a colorable argument that California's interest in adjudicating the validity of the covenant not to compete exceeds Washington's." *Google*, 415 F. Supp. 2d at 1023 (making this analysis). Similarly, Plaintiffs have a colorable claim that California is the "state of applicable law" under Restatement (Second) section 188, which requires a court to apply the contract law of the state most intimately connected with the deal. *Id.* (making this analysis, noting that the place of contracting in Washington state favors applying Washington law, and concluding that Google and the former Microsoft employee could make the same arguments in Washington state that they made in district court in California). As in *Google*, the arguments can be made (and appealed) in the Western District of Washington.

In the end, the court failed to persuade the parties in the low-numbered case that – given all of these issues and the fact that Mr. Sughroue is close to the end of his two-year non-compete term – they ought to pursue a negotiated remedy. And now, by declining magistrate jurisdiction in the second case, the relating of the cases means that everyone will make their arguments again before Judge Chen. The court wrote this order to provide an overview of what has been discussed on the record at case management conferences so that there is some continuity going forward.

## IV. CONCLUSION

The court relates the cases, which means both cases are transferred to Judge Chen. This disposes of ECF No. 59. The court also vacates the September 6, 2012 hearing on the motion to stay. The parties should re-notice the motion to stay and the pending summary judgment motion before Judge Chen. The parties should meet and confer about scheduling and consult Judge Chen's online line calendar and scheduling notes before setting any dates. They also should raise scheduling issues at the case management conference in the high-numbered case now set for September 14, 2012.

**IT IS SO ORDERED.**

Dated: August 21, 2012

_____
LAUREL BEELER
United States Magistrate Judge