UNITED STATES DISTRICT COURT
For the Northern District of California

1

2

3

4

5

6

7

8                           UNITED STATES  DISTRICT COURT

9                           Northern District of California

10                              San Francisco Division

11   MERAS ENGINEERING, INC., a California          No. C 11-00389 LB
     Corporation, RICH BERNIER, and JAY
12   SUGHROUE,                                      **ORDER RELATING CASES AND
                                                    DESCRIBING PROCEDURAL**
13                        Plaintiffs,               **BACKGROUND**
            v.
14
     CH2O, INC.,
15
                         Defendant.
16
     _____/
17
     MERAS ENGINEERING, INC., a California          No. C 12-2738 EMC
18   Corporation, and CHAD WALROD,

19                        Plaintiffs,
            v.
20
     CH2O, INC.,
21
                         Defendant.
22   _____/

23                              **I.  INTRODUCTION**

24        The court relates the two cases for the reasons below.  Because this results in the reassignment of

25   a fully-consented case away from this court, the order sets forth information about the facts,

26   procedural history, and discussions with the parties on the record at case management conferences.

27   The idea is that the context may be helpful from a case management perspective for both cases

28   moving forward.

     ORDER (C 11-00389 LB)

## II.  RELEVANT FACTS AND PROCEDURAL HISTORY

### A.  Substantive Allegations for Case No. C 11-00389 LB

CH2O, Inc. ("CH2O") is a Washington company with its principal place of business in Thurston County, Washington state.  Second Amended Complaint, ECF No. 36, ¶ 6.  Meras Engineering, Inc. ("Meras") is a California company with its principal place of business in San Francisco, California. *Id*., ¶ 3.  Meras and CH2O both sell water treatment chemicals and thus are competitors.  *Id*., ¶¶ 9, 16.  Two former employees of CH2O and their new employer Meras challenge the clauses in their employment agreements with CH2O that restrict them from working with competitors or selling similar products to CH2O's customers.  *Id.*, ¶¶ 2, 13-14.  The two former employees are Rich Bernier and Jay Sughroue.  CH2O hired Mr. Sughroue in December 2009 as a sales representative and Mr. Bernier in March 2007 as a field representative.  *Id.*, ¶¶ 10, 18.  Mr. Sughroue worked out of his home in Riverside, California, was based in Temecula, California, and had clients in the agricultural, horticultural and nursery industries in Southern California.  *Id.*, ¶¶ 10-11.  Mr. Bernier was based in Fresno, California, with clients in Central and Northern California.  *Id.*, ¶ 18.  Both sold products only to California customers and not to any Washington state customers.  Rich Bernier Declaration, ECF No. 17 at 1-2, ¶ 2; Jay Sughroue Declaration, ECF No. 18 at 1-2, ¶ 2.

Both employees signed non-negotiable employment contracts with CH2O with non-complete clauses.  Second Amended Complaint, ECF No. 36, ¶¶ 2, 7.  That clause prohibits them from being "employed by any business of a similar nature to that of [CH2O] . . .  which is in competition with [CH2O] . . . in the U.S. or internationally" for three years (Mr. Bernier) or two years (Mr. Sughroue).  *Id.*, ¶¶ 2, 13, 21; ECF No. 47 at 5-6, ¶ 6 and 12-13, ¶ 6.  The contracts also prohibit them from "soliciting or selling the same or similar products or services as are sold by [CH2O] . . . to any of [CH2O's] . . . regular customers" for two years.  Second  Amended Complaint, ECF No. 36, ¶ 13, 21; ECF No. 47 at 5-6, ¶ 6 and 12-13, ¶ 6.

The contracts both prohibit disclosure of confidential information.  ECF No. 47 at 6, ¶ 7, and 13, ¶ 7.  Mr. Bernier and Mr. Sughroue do not want to use CH2O's trade secrets but want to solicit customers and contacts they brought with them from CH2O.  Second Amended Complaint, ECF No. 36, ¶¶ 17, 25.

1    Mr. Bernier's contract has a liquidated damages provision of 25% of all sales in perpetuity for

2    violating the non-compete and non-solicitation clauses. ECF No. 47 at 13-14, ¶ 9. Both contracts

3    state that Washington law governs the contract's interpretation, a party must initiate a suit involving

4    the contract in Thurston County, Washington, and claims for damages (as opposed to injunctive

5    relief) are subject to mandatory arbitration. *Id.* at 6, ¶ 13, and 14-15, ¶ 14.

6    Mr. Bernier and Mr. Sughroue resigned from CH20 on January 25, 2011, and they began work at

7    Meras the next day. Second Amended Complaint, ECF No. 36, ¶¶ 10-11. They filed a declaratory

8    relief action in the Northern District of California the same day. *See* ECF No. 1; Second Amended

9    Complaint, ECF No. 36 (claim one seeks declaratory relief). The complaint also contains claims for

10   a violation of California's unfair competition law (Business and Professions Code § 17200),

11   intentional interference with prospective business advantage, negligent interference with prospective

12   business advantage, and intentional interference with contractual relations. *See* Second Amended

13   Complaint, ECF No. 36.

14   **B.   Substantive Allegations in C 12-02738 EMC**

15   This case also is a lawsuit against CH2O, again by a former employee (Chad Walrod) and his

16   new employer Meras. They challenge the clauses in Mr. Walrod's employment agreement with

17   CH2O that restrict Mr. Walrod from working with competitors or selling similar products to

18   CH2O's customers. Complaint, ECF No. 1, ¶¶ 11-13. Mr. Walrod signed different employment

19   agreements while he was at CH2O, and the last was in May 2009. *Id.*, ¶ 11. The contract was a

20   non-negotiable employment contract with the same basic non-complete clauses at issue in the low-

21   numbered case. *See id.*, ¶ 12. One clause prohibits Mr. Walrod from being "employed by any

22   business of a similar nature to that of [CH2O] . . . which is in competition with [CH2O] . . . in the

23   U.S. or internationally" for two years. *Id.* The contract also prohibits him from "soliciting or selling

24   the same or similar products or services as are sold by [CH2O] . . . to any of [CH2O's] . . .

25   customers" for one year. *Id.*, ¶ 18.

26   Like the contract in the lower-numbered case, Mr. Walrod's contract prohibits the disclosure of

27   confidential information. He does not want to use CH2O's trade secrets but want to solicit

28   customers and contacts he brought with him from CH2O. *See id.*, ¶¶ 15, 26.

UNITED STATES DISTRICT COURT
For the Northern District of California

1    Mr. Walrod's contract also states that Washington law governs the contract's interpretation, a

2  party must initiate a suit involving the contract in Thurston County, Washington, and claims for

3  damages (as opposed to injunctive relief) are subject to mandatory arbitration. *Id*. at 20, ¶ 13.

4    Mr. Walrod resigned from CH2O on May 1, 2012 and began working at Meras shortly after.

5  Complaint, ECF No. 1, ¶ 7.  He filed his case in the Northern District of California on May 29, 2012.

6  It contains the same claims as in the low-numbered case: declaratory relief, a violation of

7  California's unfair competition law (Business and Professions Code § 17200), intentional

8  interference with prospective business advantage, negligent interference with prospective business

9  advantage, and intentional interference with contractual relations. *See id*.

10  **C.  Additional Relevant Procedural Background**

11    In the low-numbered case, the employees and Meras sued for declaratory relief the day after they

12  resigned from CH2O and on the same day they started work for Meras (based in San Francisco).

13  Second Amended Complaint, ECF No. 36, ¶¶ 15-16, 23-24.  A few weeks later, CH2O sued the

14  employees (but not Meras) for injunctive relief and damages in Washington state court, asserting

15  breach of the employment contracts, misappropriation of proprietary information, and tortious

16  interference with a covenant not to compete.  ECF No. 10-1, Exh. A.  The former-CH2O-and-

17  current-Meras employees removed the case to federal court in the Western District of Washington.

18  ECF No. 10 at 2, ¶ 3.  After a motion to dismiss, the district court in the Western District of

19  Washington declined to apply the first-to-file rule or otherwise transfer the case here.  *CH20 v.*

20  *Bernier*, No. C 11-5153 RJB, ECF Nos. 15, 23 (denying motion to reconsider).  Meras and the

21  employees petitioned the Ninth Circuit for a writ on mandamus, which the Ninth Circuit ultimately

22  denied.  *See* ECF Nos. 39, 46.  (The parties stayed both the Washington and California federal

23  cases while the writ was pending with the Ninth Cir.  *See id.*)

24    From the time the case was filed, here, CH2O generally wanted this court to refuse jurisdiction

25  under the Declaratory Judgment Act and either dismiss in favor of the federal case in Washington

26  that was removed from state court or at least stay the proceedings.  *See, e.g.*, ECF Nos. 9.  Meras, on

27  the other hand, wanted this court to hear the case under the first-to-file rule.  *See, e.g.*, ECF No. 16.

28  This is all in the procedural posture of what happened in district court in Washington.  The district

UNITED STATES DISTRICT COURT
For the Northern District of California

ORDER (C 11-00389 LB)

1   court there not only declined to apply the first-to-file rule or otherwise transfer the case here but also

2   applied Washington law to analyze the covenant not to compete. *See CH2O v. Bernier*, No. C 11-

3   5153 RJB, ECF Nos. 15, 23.  As described below in more detail, this was not the result that

4   Plaintiffs wanted.  They believe that California law applies and filed here to secure a California

5   forum. *See, e.g.,* Joint Case Management Conference Statement, ECF No. 38 at 2.

6       Because Plaintiffs filed a mandamus petition with the Ninth Circuit, the parties negotiated a

7   temporary stay here. *See* ECF No. 44.  Given that the two-year non-compete period was expiring for

8   one employee, the court also encouraged mediation or settlement efforts during the interim period.

9   *See id.*  After the Ninth Circuit denied the mandamus petition, the court lifted the stay in April 2012.

10   *See* ECF No. 46.  Then Mr. Bernier filed for bankruptcy in the Eastern District of California. *See*

11   ECF No. 48.  The parties agreed to stay the entire Washington case. *Id.* at 5.

12       Plaintiffs then sought to advance the case here, arguing that as a debtor-plaintiff, Mr. Bernier

13   could continue to litigate here. *Id.* at 1.  CH2O thought this was unfair and unnecessarily

14   duplicative. *Id.*  It also said it "would anticipate" asking the Washington district court to lift the stay

15   or seek relief from the bankruptcy court's stay. *Id.* at 6.  As of the last case management

16   conference on June 28, 2012, it had not done either. *Id.*

17       The new high-numbered case was assigned to a different magistrate judge, Plaintiffs did not

18   consent to that judge, and the case was assigned to Judge Chen. *See* Docket Sheet for C 12-02738

19   EMC.  At the court's request, Plaintiffs filed an administrative motion to relate the cases so that

20   CH2O could object (which it did). *See* C 11-00389 LB, ECF Nos. 59 (noting that Plaintiff will not

21   consent in second case and thus cases will be transferred to Judge Chen if they are related), 62.

22       Apparently CH2O has filed a state case against Mr. Walrod that has not been removed to federal

23   court.  Opposition to Motion to Relate Cases, ECF No. 62 at 2.  CH2O also asserts that unlike the

24   plaintiff-employees in the low-numbered case (who lived and worked entirely in California when

25   they worked for CH2O), Mr. Walrod lived in Washington state when he worked for CH2O and dealt

26   with "different markets and purchasers from Mr. Bernier and Mr. Sughroue." *Id.*

27       There are two pending motions in the low-numbered case: Plaintiffs' motion for summary

28   judgment (ECF No. 54), which argues that the covenants not to compete are statutorily void under

UNITED STATES DISTRICT COURT
For the Northern District of California

ORDER (C 11-00389 LB)

1  California law, and Defendant's motion to stay this case pending the outcome in the Western District

2  of Washington (ECF No. 58). At the last hearing, the court essentially stayed the summary

3  judgment motion and took it off calendar (basically because the choice of forum issue needs to come

4  first), but Plaintiffs want it heard. *See* ECF No. 57. The motion to stay is noticed for September 6,

5  2012. The court also referred the case for a settlement conference here. *Id.* There is a settlement

6  conference on August 30, 2012 before Judge Cousins. ECF No. 61.

### III. DISCUSSION

8  Under Civil Local Rule 3-12, cases are related when they involve substantially the same parties

9  or events, and it appears likely that there will be conflicting results if the cases are conducted before

10  different judges. Here, Meras (the new employer) and CH2O (the old employer) are both parties,

11  and the employment contracts at issue for the three employees contain the same provisions about

12  non-competition, non-solicitation of CH2O customers, and choice of law and venue.

13  CH2O points to two differences with Mr. Walrod: he lived in Washington state (unlike the low-

14  numbered plaintiffs), and he had different markets. Those facts are not supported by affidavit.

15  Still, even considering them, the case really is about the choice of law provision that ought to apply.

16  And the real issue is that the district court in Washington has already decided the issue in a way that

17  favors CH2O. So, not only is there the issue of two cases here with the same contract provisions

18  (and the danger of different interpretations of those contracts), but also, there is the real issue of this

19  district's reaching a different result than the court in Washington.

20  Under a straight comparison of the two cases here, the court concludes that the cases are related.

21  But given that the court has spent a lot of time with the parties on the interplay with the Washington

22  case that involves the same former employees as in the low-numbered case, the court sets forth a few

23  more observations. (It looks like the same issues probably exist in the second high-numbered case,

24  which apparently also involves a related state case brought by CH2O.)

25  Both this court and the Washington district court, sitting in diversity, must apply (1) federal law

26  to the issue of whether to honor the forum selection clause, and (2) the state law (California or

27  Washington) to the issue of whether the choice-of-law clause and the covenant not to compete are

28  enforceable. *See Google, Inc. v. Microsoft Corp.*, 415 F. Supp. 2d 1018, 1022 (N.D. Cal. 2005)

1   (Whyte, J.).  Whether California or Washington state law applies matters because the different states

2   view covenants not to compete differently.  *Id.*  The statute at issue in California is California

3   Business and Professions Code § 16600, which provides that "every contract by which anyone is

4   restrained from engaging in a lawful profession, trade or business of any kind is to that extent void."

5   California also "'has a strong interest in protecting its employees from noncompetition agreements

6   under section 16600.'"  *Id.* (quoting *Advanced Bionics v. Medtronic, Inc.*, 29 Cal. 4th 697, 706-07

7   (2002)).  But Washington courts uphold covenants not to compete if they are "reasonable."  *Id.*

8   (citing *Perry v. Moran*, 109 Wash. 2d 691, 698 (1987)).  So Plaintiffs here are concerned that their

9   interests are not protected in a Washington forum.  *See id.*

10   But as the court explained in *Google*, the plaintiffs can ask the Western District of Washington

11   to apply California law (and they have).  Both states apply the Restatement (Second) of Conflict of

12   Laws to determine whether choice-of-law provisions are valid.  *Id.* (comparing Washington and

13   California cases).  Indeed, that is what the district court in Washington did.  *See* WDWA ECF No.

14   15.  What plaintiffs really complain about is the district court's decision in Washington (applying

15   the Washington state standard), and they want the district court here to come out a different way and

16   apply the California standard.  As the undersigned discussed extensively with the parties, this is at

17   best awkward, and it raises a host of issues when one considers that the court's authority under the

18   Declaratory Judgment Act, 28 U.S.C. § 2201, is permissive, not mandatory.  *See, e.g., Google*, 415

19   F. Supp. 2d at 1020.  The court discussed with Plaintiffs that they have their remedies in the

20   Washington forum through appeal (if necessary).

21   Similarly, and again as the court explained in *Google*, an argument that the Washington court

22   will necessarily focus on the forum state's public policy fails.  The Restatement – which permits

23   courts to strike down choice-of-law clauses when (among other things) they are contrary to a

24   fundamental policy of a state that has a materially greater interest than the chosen state – sets forth a

25   forum-neutral rule.  *Id.*  Indeed, in another case in Washington state superior court, that is what the

26   state court did: it declined to apply the Washington choice-of-law provision regarding the covenant

27   not to compete and instead applied California law.  WDWA ECF No. 11 at 2-9.  Again, Plaintiffs

28   really complain about how the Western District applied the Restatement, and again, as the court

ORDER (C 11-00389 LB)
7

1  discussed, there is a remedy: appeal.

2      Plaintiffs "have a colorable argument that California's interest in adjudicating the validity of the

3  covenant not to compete exceeds Washington's."  *Google*, 415 F. Supp. 2d at 1023 (making this

4  analysis).  Similarly, Plaintiffs have a colorable claim that California is the "state of applicable law"

5  under Restatement (Second) section 188, which requires a court to apply the contract law of the state

6  most intimately connected with the deal.  *Id.* (making this analysis, noting that the place of

7  contracting in Washington state favors applying Washington law, and concluding that Google and

8  the former Microsoft employee could make the same arguments in Washington state that they made

9  in district court in California).  As in *Google*, the arguments can be made (and appealed) in the

10  Western District of Washington.

11      In the end, the court failed to persuade the parties in the low-numbered case that – given all of

12  these issues and the fact that Mr. Sughroue is close to the end of his two-year non-compete term  –

13  they ought to pursue a negotiated remedy.  And now, by declining magistrate jurisdiction in the

14  second case, the relating of the cases means that everyone will  make their arguments again before

15  Judge Chen.  The court wrote this order to provide an overview of what has been discussed on the

16  record at case management conferences so that there is some continuity going forward.

### IV.  CONCLUSION

18      The court relates the cases, which means both cases are transferred to Judge Chen.  This disposes

19  of ECF No. 59.  The court also vacates the September 6, 2012 hearing on the motion to stay.  The

20  parties should re-notice the motion to stay and the pending summary judgment motion before Judge

21  Chen.  The parties should meet and confer about scheduling and consult Judge Chen's online line

22  calendar and scheduling notes before setting any dates.  They also should raise scheduling issues at

23  the case management conference in the high-numbered case now set for September 14, 2012.

24      **IT IS SO ORDERED.**

25  Dated: August 21, 2012                                    _____

26                                                           LAUREL BEELER
                                                             United States Magistrate Judge

27

28

ORDER (C 11-00389 LB)