Peter T. Petrich, *Pro Hac Vice, Defendants*
Davies Pearson P.C.
920 Fawcett Avenue
P.O. Box 1657
Tacoma, WA 98401
(253) 620-1500
Fax: (253) 572-3052
ppetrich@dpearson.com

James Smith, #190050, *Defendants*
Smith Lillis Pitha LLP
400 Montgomery Street, Suite 501
San Francisco, CA 94101
(415) 814-0404
Fax: (415) 217-7011
jsmith@slplawfirm.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERAS ENGINEERING INC., a California corporation, RICH BERNIER and JAY SUGHROUE<br><br>Plaintiffs,<br><br>v.<br><br>CH$_2$O, Inc., a Washington corporation,<br><br>Defendant. | CASE NO: C 11-00389<br><br>**DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: October 26, 2012<br>Time: 1:30 p.m.<br>Judge: Hon. Edward M. Chen |

DEFENDANT'S RESPONSE IN OPPOSITION TO
MOTION FOR PARTIAL SUMMARY JUDGMENT
Page 1 of 17
s:\0xxxx\087xx\08757\26 (sughroue & bernier)\pleadings\usdc california pleadings\sj resp.with cites.doc

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

## TABLE OF CONTENTS

I.    TABLE OF AUTHORITIES ................................................................. 3

II.   ISSUES TO BE DECIDED.................................................................. 4

III.  STATEMENT OF FACTS ................................................................... 4

IV.   ARGUMENT........................................................................................4

    a.   This issue has already been addressed by the Washington Court... 6

    b.   Google Case………………………………………………………….. 11

    c.   The fact that Meras Engineering is a party in the California Suit
        should not change the result…………………………………….. 12

    d.   Plaintiffs are not entitled to declaratory relief or judgment for
        unfair competition……………………………………………….. 16.

DEFENDANT'S RESPONSE IN OPPOSITION TO
MOTION FOR PARTIAL SUMMARY JUDGMENT
Page 2 of 17
s:\0xxxx\087xx\08757\26 (sughroue & bernier)\pleadings\usdc california pleadings\sj resp.with cites.doc

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

# I. TABLE OF AUTHORITIES

**Cases**

*Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d at 628 .................................................. 14
*Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S. Ct. 1907,
   32 L. Ed. 2d 513 (1972)) ........................................................................................... 10
*Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942) ............................................ 11
*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14, 105 S. Ct. 2174, 85 L. Ed. 2d
   528 (1985) .................................................................................................................... 9
*Burger King*, 471 U.S. at 472 n.14 ................................................................................. 9, 10
*DeFeo v. Procter & Gamble Co.*, 831 F. Supp. 776 (N.D. Cal. 1993) ............................... 14
*Erwin v. Cotter Health Ctrs., Inc.*, 161 Wn.2d 676, 699; 167 P.3d 1112, 1123 (2007) ...... 9
*Google v. Microsoft*, 415 F.Supp.2d 1018 (2005), ............................................... 11, 12, 15
*Keystone Masonry v. Garco Constr.*, 135 Wn. App. 927, 933-934 (2006) ....................... 10
*Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 (5th Cir. Tex. 1983) ...... 14
*Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316,
   84 S. Ct. 411, 11 L. Ed. 2d 354 (1964) ....................................................................... 9
*Nedlloyd v. Seawinds Ltd.*, 3 Cal.4th 459, 834 P.2d 1148 (1992) ................................... 7, 8

**Statutes**

Cal. Bus. & Prof. Code § 16600 ......................................................................................... 16
Cal. Bus. & Prof. Code § 17200 ......................................................................................... 16

**Other Authorities**

Restatement 2nd of Conflict of Laws § 187(2)(a) ................................................................ 7
Restatement 2nd of Conflict of Laws § 187(2)(b), .......................................................... 6, 7

DEFENDANT'S RESPONSE IN OPPOSITION TO
MOTION FOR PARTIAL SUMMARY JUDGMENT
Page 3 of 17
s:\0xxxx\087xx\08757\26 (sughroue & bernier)\pleadings\usdc california pleadings\sj resp.with cites.doc

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

## II. ISSUES TO BE DECIDED

a. Are Plaintiffs entitled to a finding that California is the proper venue for their claims against $CH_2O$, Inc.?

ANSWER: No.

b. Are Plaintiffs entitled to a finding that California law applies to the employment agreements signed by Mr. Bernier and Mr. Sughroue with $CH_2O$, Inc.?

ANSWER: No.

## III. STATEMENT OF FACTS

The following facts are basically undisputed: Plaintiffs Rich Bernier and Jay Sughroue are former employees of Defendant $CH_2O$, Inc., a Washington corporation. They were employed by $CH_2O$, Inc. under the terms and provisions of employment agreements containing non-competition and non-solicitation provisions. After resigning from $CH_2O$, Inc., Mr. Bernier and Mr. Sughroue immediately became employed by Meras Engineering, Inc., a California corporation which operates as a same or similar type of business as does $CH_2O$ and which is in direct competition with $CH_2O$. that plaintiff's business. Also on the very next day, Defendants Bernier and Sughroue and their new employer Meras Engineering filed a Complaint for Declaratory Relief and Unfair Competition in the US District Court, Northern District of California seeking a ruling that Defendants Bernier's and Sughroue's employment agreements with $CH_2O$,

DEFENDANT'S RESPONSE IN OPPOSITION TO
MOTION FOR PARTIAL SUMMARY JUDGMENT
Page 4 of 17
s:\0xxxx\087xx\08757\26 (sughroue & bernier)\pleadings\usdc california pleadings\sj resp.with cites.doc

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

Inc, which contain non-competition and non-solicitation provisions, are void and unenforceable under California law.

On February 2, 2011, CH$_2$O, Inc., filed an action in the Superior Court for the State of Washington, County of Thurston, Cause No. 11-2-00323-7, involving the same issues and parties as are involved in the present action (except for Meras Engineering, Inc.). In essence, the Thurston County litigation sought to enforce the provisions of Bernier's and Sughroue's employment agreements with CH$_2$O, Inc. Mr. Bernier and Mr. Sughroue removed the Thurston County suit to the United States District Court, Western District of Washington, under cause number 3:11-cv-05153-RJB based solely on diversity jurisdiction.

Mr. Bernier and Mr. Sughroue brought a motion in the Washington action to dismiss, stay, or in the alternative to transfer venue to the U.S. District Court, Northern District of California. By order dated April 18, 2011, U.S. District Court Judge Robert J. Bryan denied the motion, holding that venue was proper in Washington, and Washington law should apply regarding the non-competition and non-solicitation provisions.

### IV. ARGUMENT

COMES NOW Defendant CH$_2$O, Inc., by and through its undersigned attorneys, and responds as follows in opposition to Plaintiffs' motion for partial summary judgment:

DEFENDANT'S RESPONSE IN OPPOSITION TO
MOTION FOR PARTIAL SUMMARY JUDGMENT
Page 5 of 17
s:\0xxxx\087xx\08757\26 (sughroue & bernier)\pleadings\usdc california pleadings\sj resp.with cites.doc

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

### a. This Issue Has Already Been Addressed by the Washington Court:

Plaintiffs incorrectly argue that conflict of law provisions indicate that California law should apply to the present matter. This issue has already been extensively briefed and decided. Judge Bryan in the Washington U.S. District Court action issued a ruling on April 18, 2011, with a thoughtful and detailed explanation of why Washington venue is proper and Washington law controls. (*Larson Decl.*, Ex. "A", Order). There is no reason for this Court to rule differently at this point.

In his ruling, Judge Bryan analyzed the subject forum selection clauses under both Washington *and* California law, and under *both* sets of laws he ruled that the Washington forum selection clause was valid. (*Order*, pp. 7-8.) Thus, Washington courts (either state or federal) are the appropriate venue where questions concerning Mr. Bernier's and Mr. Sughroue's employment agreements should be litigated.

Regarding which state's law should apply, Judge Bryan pointed out that Washington, like California, has adopted the Restatement 2nd of Conflict of Laws in determining whether to apply the parties' selected governing laws. (*Order*, p. 12), and under § 187(2)(b), certain requirements must be met before the parties' choice of Washington law may be ignored. If one of these requirements is absent, then the choice of Washington law *must* be enforced. The first question, whether Washington's law is contrary to a fundamental policy of California, is clearly answered in the affirmative.

DEFENDANT'S RESPONSE IN OPPOSITION TO
MOTION FOR PARTIAL SUMMARY JUDGMENT
Page 6 of 17
s:\0xxxx\087xx\08757\26 (sughroue & bernier)\pleadings\usdc california pleadings\sj resp.with cites.doc

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

The next question, however, is whether California has a materially greater interest than Washington in determination of the particular issue. Again, Judge Bryan specifically addressed both Washington's interest in enforcing the non-compete agreement and California's interest in voiding it. While the two states clearly have differing laws and policies on this issue, Judge Bryan ruled that "it cannot be said that California's interests materially outweigh those of Washington." (*Order*, pp. 15-16.) Because this requirement was not met, the parties' choice of Washington law applies and is enforceable.

Plaintiffs argue that in addition to Restatement 2nd § 187(2)(b), § 187(2)(a) also applies, that is, Washington law should not apply because Washington has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice. While they did not make this argument in the Washington matter, Plaintiffs here argue it as a bare assertion of fact. But Washington clearly has a relationship to the parties. In fact, caselaw relied upon by Plaintiffs supports this conclusion as to both prongs of this element.

Plaintiffs use the analysis of Restatement 2nd discussed in *Nedlloyd v. Seawinds Ltd.*, 3 Cal.4th 459, 834 P.2d 1148 (1992). In *Nedlloyd*, plaintiff shipping company incorporated in Hong Kong but with its principal place of business in California, contracted with three other shipping companies incorporated and with their principal

DEFENDANT'S RESPONSE IN OPPOSITION TO
MOTION FOR PARTIAL SUMMARY JUDGMENT
Page 7 of 17
s:\0xxxx\087xx\08757\26 (sughroue & bernier)\pleadings\usdc california pleadings\sj resp.with cites.doc

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

places of business in the Netherands. The contract provided that Hong Kong law would apply. When a dispute arose, plaintiff brought suit in California. Defendants attempted to enforce the Hong Kong choice of laws provision. The trial and appellate courts ruled that California law applied. However, the California Supreme Court reversed, holding that a party's incorporation in a state is a contact sufficient to allow the parties to choose that state's law to govern their contract. If a corporate party resides in the chosen state, the "substantial relationship" element is met. *Nedlloyd*, at 1153. Additionally, if one of the parties resides in the chosen state, the parties also have a "reasonable basis" for their choice. *Id.* While in *Nedlloyd* the plaintiff was also a Hong Kong corporation, the holding did not turn on this. If even one of the parties resides in a state, then the substantial relationship and the reasonable basis tests have been met. In the present matter, $CH_2O$, Inc. is a Washington corporation and therefore its residence is Washington. This clearly meets the requirement for enforcing the Washington law provision.

Mr. Bernier and Mr. Sughroue each voluntarily entered into the subject contracts with $CH_2O$, Inc., and $CH_2O$, Inc. should be able to take them at their word when they agreed to abide by the contract provisions. Otherwise, all anyone has to do to void non-competition terms of an employment contract is simply move to California. Contracts

DEFENDANT'S RESPONSE IN OPPOSITION TO
MOTION FOR PARTIAL SUMMARY JUDGMENT
Page 8 of 17
s:\0xxxx\087xx\08757\26 (sughroue & bernier)\pleadings\usdc california pleadings\sj resp.with cites.doc

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

should not be voidable simply because one moves to a different state. As the Washington Supreme Court has pointed out,

> Both California and Washington have interests in protecting the justifiable expectations of the contracting parties. The *Restatement,*, expounding on core choice-of-law principles, explains that in applying section 187, "protecting the justified expectations of the parties ... come[s] to the fore." *Restatement,* supra, § 6 cmt. c. "Generally speaking, it would be unfair and improper to hold a person liable under the local law of one state when he had justifiably molded his conduct to conform to the requirements of another state." *Id.* cmt. g. Likewise, "[p]redictability and uniformity of result are of particular importance in areas where the parties are likely to give advance thought to the legal consequences of their transactions." *Id.* cmt. i. Here, the justifiable expectations of Cotter and Erwin were memorialized in the Agreement, a freely negotiated contract between two highly experienced and successful business people who defined in advance the terms of their business relationship and explicitly chose Washington law to govern any disputes.

*Erwin v. Cotter Health Ctrs., Inc.*, 161 Wn.2d 676, 699; 167 P.3d 1112, 1123 (2007).

As in the *Erwin* case, Mr. Bernier and Mr. Sughroue each negotiated their contracts and agreed to the forum and law selection clauses. They did not have to accept the terms, as it is clear that they can work elsewhere. Having accepted the terms, they should be bound by them. Personal jurisdiction is a "waivable right." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). One common way in which parties consent to personal jurisdiction is by "agree[ing] in advance to submit to the jurisdiction of a given court." *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316, 84 S. Ct. 411, 11 L. Ed. 2d 354 (1964). "[P]articularly in

DEFENDANT'S RESPONSE IN OPPOSITION TO
MOTION FOR PARTIAL SUMMARY JUDGMENT
Page 9 of 17
s:\0xxxx\087xx\08757\26 (sughroue & bernier)\pleadings\usdc california pleadings\sj resp.with cites.doc

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

the commercial context, parties frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction." *Burger King*, 471 U.S. at 472 n.14. As long as waivers "have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,' their enforcement does not offend due process." *Burger King*, 471 U.S. at 472 n.14. (quoting *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972)).

> When the parties have agreed on a forum, the trial court **must** enforce the agreement unless the party objecting to the chosen forum can establish that enforcing it would be "'unreasonable and unjust.'" *Voicelink*, 86 Wn. App. at 617-18. To meet its **heavy burden** of proving "unreasonable and unjust" enforcement, [the objecting party] must show either that: (1) the venue agreement was obtained by fraud, undue influence, or unfair bargaining power or (2) the chosen forum would be so seriously inconvenient as to deprive the party of a meaningful day in court. *Bank of Am., N.A. v. Miller*, 108 Wn. App. 745, 748, 33 P.3d 91 (2001). If the objecting party does not prove the venue agreement is unreasonable and unjust, failure to enforce the agreement is reversible error. See *Miller*, 108 Wn. App. at 749.

*Keystone Masonry v. Garco Constr.*, 135 Wn. App. 927, 933-934 (2006)(emphasis added).

In the present matter, there is no evidence that either Mr. Bernier or Mr. Sughroue signed their contracts due to any fraud, undue influence, or unfair bargaining power on the part of CH$_2$O, Inc. Mr. Bernier in fact specifically verified that he had been given time to seek legal counsel regarding the terms of the contract:

DEFENDANT'S RESPONSE IN OPPOSITION TO
MOTION FOR PARTIAL SUMMARY JUDGMENT
Page 10 of 17
s:\0xxxx\087xx\08757\26 (sughroue & bernier)\pleadings\usdc california pleadings\sj resp.with cites.doc

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

> Employee acknowledges that, prior to executing this agreement, the Company has advised Employee this agreement affects important legal rights of Employee, that Employee should seek legal counsel of Employee's own choosing, and the Company has given Employee adequate time and the opportunity to consult with such legal counsel to review the terms and conditions of this agreement.

*(Larson Decl., Ex. "B", Employment Agreement, Addendum 1, signed 3/6/07.)*

There are no grounds in the present matter to excuse Mr. Bernier and Mr. Sughroue from their contractual obligations. Washington law, which enforces non-competition and non-solicitation provisions, applies here, and Plaintiffs' motion for partial summary judgment should be denied.

**b.    Google Case:**

Plaintiffs spend some time discussing *Google v. Microsoft*, 415 F.Supp.2d 1018 (2005), and by extension, *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942). As they point out, there are similarities and differences between that case and the present matter. It should be noted that when the Washington action was first commenced, it was brought in state court, and it was only removed to U.S. District Court by Mr. Bernier and Mr. Sughroue on the basis of diversity. Additionally, when the California action was first filed, it sought solely declaratory relief. The complaint was later amended to add claims for monetary damages, apparently for the purpose of avoiding the *Brillhart* analysis.

Despite Plaintiff's argument to the contrary, one thing the *Google* case does *not* say is that California has a materially greater interest in the subject of non-compete

DEFENDANT'S RESPONSE IN OPPOSITION TO
MOTION FOR PARTIAL SUMMARY JUDGMENT
Page 11 of 17
s:\0xxxx\087xx\08757\26 (sughroue & bernier)\pleadings\usdc california pleadings\sj resp.with cites.doc

DAVIES PEARSON, P.C.
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

clauses than that of Washington. It points out only that Google raised a "colorable argument" that California's interest exceeds Washington's. *Google*, at 1023. Nowhere does Google state that Washington (or any non-California state) does not have a particular interest in non-competition clauses.

### c. The Fact That Meras Engineering is a Party in the California Suit Should Not Change the Result:

Plaintiffs also argue that because the new employer, Meras Engineering, is a party in the California suit but not the Washington suit, the Washington forum and law selection clauses may not be enforced. They cite to no caselaw to support this position. The truth is that Mr. Bernier and Mr. Sughroue are bound by the terms of their respective employment agreements with $CH_2O$, Inc. Meras hired them knowing full well that this was the case, as shown by the fact that it filed suit to have the agreements declared void *the day it hired Mr. Bernier and Mr. Sughroue.* Meras should not be able to claim damages for hiring employees it knew were not free to work for it.

Plaintiffs may attempt to argue that because the California suit was filed first, it should take precedence over the Washington Suit. It should be noted, though, that after leaving $CH_2O$, Inc.'s employment, Mr. Bernier and Mr. Sughroue started new jobs with competitor Meras Engineering, Inc. *the very next day.* This indicates that that employment with Meras had clearly been arranged prior to that time, while Mr. Bernier and Mr. Sughroue were still employed by $CH_2O$, Inc. and owed it a duty of fair dealing

DEFENDANT'S RESPONSE IN OPPOSITION TO
MOTION FOR PARTIAL SUMMARY JUDGMENT
Page 12 of 17
s:\0xxxx\087xx\08757\26 (sughroue & bernier)\pleadings\usdc california pleadings\sj resp.with cites.doc

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

and loyalty. More outrageous, though, than starting employment with a competitor the day after leaving $CH_2O$'s employment is that fact that on the very same day that Mr. Bernier and Mr. Sughroue commenced employment at Meras, Meras already had a detailed complaint for declaratory relief completely drafted and ready to file in California. There is no way that this complaint could be considered anything other than anticipatory forum shopping, an attempt to have favorable California law apply. Plaintiffs knew that Mr. Bernier and Mr. Sughroue were going to be in violation of their agreements with $CH_2O$, Inc.; they knew that when $CH_2O$, Inc. learned of it, it would bring suit pursuant to the Washington choice of laws and forum clauses; and they had everything prepared so that they could beat them to the punch. This is exactly the type of action meant to be excluded from the "first file" rule. The court can ignore the doctrine when there has been improper motive in selecting a venue or jurisdiction:

> We recognize that "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems." *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183, 96 L. Ed. 200, 72 S. Ct. 219 (1952); see also *Pacesetter*, 678 F.2d at 95; *Church of Scientology*, 611 F.2d at 750; *Codex Corp. v. Milgo Elect. Corp.*, 553 F.2d 735, 737 (1st Cir.), cert. denied, 434 U.S. 860, 54 L. Ed. 2d 133, 98 S. Ct. 185, 195 U.S.P.Q. (BNA) 466 (1977). **The circumstances under which an exception to the first-to-file rule typically will be made include bad faith**, see *Crosley Corp. v. Westinghouse Elec. & Mfg. Co.*, 130 F.2d 474, 476 (3d Cir.), cert. denied, 317 U.S. 681, 87 L. Ed. 546, 63 S. Ct. 202, 55 U.S.P.Q. (BNA) 494 (1942); **anticipatory suit, and forum shopping**, see *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n.3 (5th Cir. 1983)

DEFENDANT'S RESPONSE IN OPPOSITION TO
MOTION FOR PARTIAL SUMMARY JUDGMENT
Page 13 of 17
s:\0xxxx\087xx\08757\26 (sughroue & bernier)\pleadings\usdc california pleadings\sj resp.with cites.doc

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

>  ("**Anticipatory suits are disfavored because they are aspects of forum-shopping**"); *Factors, Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 217, 219 (2d Cir. 1978), cert. denied, 440 U.S. 908, 59 L. Ed. 2d 455, 99 S. Ct. 1215 (1979); *Mattel, Inc. v. Louis Marx & Co.*, 353 F.2d 421, 424 n.4 (2d Cir.), cert. dismissed, 384 U.S. 948, 16 L. Ed. 2d 546, 86 S. Ct. 1475, 149 U.S.P.Q. (BNA) 906 (1965).

*Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d at 628(emphasis added).

This exclusion applies not only to actions for damages, but also to actions for declaratory relief such as Defendants' California suit. *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 (5th Cir. Tex. 1983).

The *Google* case, cited by Plaintiffs, references two cases where venue shopping was not allowed. In *DeFeo v. Procter & Gamble Co.*, 831 F. Supp. 776 (N.D. Cal. 1993), DeFeo worked for Proctor & Gamble in Ohio. His stock option plan included a covenant not to compete. When DeFeo quit his job and accepted a job with Clorox in California, Proctor & Gamble told DeFeo that it would sue him. DeFeo filed a suit in California state court, seeking a declaration that the covenant not to compete was unenforceable. One day later, Proctor & Gamble sought injunctive relief in Ohio state court. Proctor & Gamble removed the California case to federal court and then moved to dismiss it under *Brillhart*. The court granted the motion, pointing out that forum shopping should not be allowed:

>  The rationales behind the [*Brillhart*] presumption support the conclusion that this [c]ourt should decline jurisdiction. This case involves exclusively

DEFENDANT'S RESPONSE IN OPPOSITION TO
MOTION FOR PARTIAL SUMMARY JUDGMENT
Page 14 of 17
s:\0xxxx\087xx\08757\26 (sughroue & bernier)\pleadings\usdc california pleadings\sj resp.with cites.doc

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

> questions of state law, [p]laintiffs filed the declaratory relief action in order to secure a California forum, and the Ohio suit is a mirror image' of the one before this [c]ourt. Therefore, were this [c]ourt to proceed, it would be making needless decisions of state law, rewarding forum shopping, and engaging in duplicative litigation.

*Google, Inc. v. Microsoft Corp.*, 415 F. Supp. 2d 1018, 1021 (N.D. Cal. 2005), citing *DeFeo*, at 778. n2

Likewise, in *Schmitt v. JD Edwards World Solutions Co.*, Schmitt worked for JD Edwards in Colorado. His employment agreement contained a covenant not to compete. Ariba, a California corporation, hired Schmitt. JD Edwards filed a breach of contract suit against Schmitt in Colorado state court and Schmitt filed a request for declaratory relief in California state court. Both cases were removed to federal court.

> The California federal court granted JD Edwards' motion to dismiss, noting that (1) "[i]t makes no sense for both courts to adjudicate these cases" and (2) the timing of Schmitt's suit indicates that he "'simply wanted to wrest the choice of forum away from the allegedly aggrieved party.'" 2001 U.S. Dist. LEXIS 7089, [WL] at *1 (quoting First Fishery Dev. Serv., Inc. v. Lane Labs USA, Inc., 1997 U.S. Dist. LEXIS 11231 at *12 (S.D. Cal. 1997)).

*Google, Inc. v. Microsoft Corp.*, 415 F. Supp. 2d 1018, 1021 (N.D. Cal. 2005), citing *Schmitt v. JD Edwards World Solutions Co* 2001 U.S. Dist. LEXIS 7089, 2001 WL 590039 (N.D. Cal. 2001), n3.

This is not a case where the first-filed suit rule should apply, in light of the bad faith on the part of all of the Plaintiffs in making advance plans to violate Mr. Bernier's and Mr. Sughroue's employment agreements. Nor is it a case where, simply because

DEFENDANT'S RESPONSE IN OPPOSITION TO
MOTION FOR PARTIAL SUMMARY JUDGMENT
Page 15 of 17
s:\0xxxx\087xx\08757\26 (sughroue & bernier)\pleadings\usdc california pleadings\sj resp.with cites.doc

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052

1  Meras has joined Mr. Bernier and Mr. Sughroue in seeking to have the employment
2  agreements declared void, this should override validly negotiated contracts.

3  d.  **Plaintiffs are Not Entitled to Declaratory Relief or Judgment for Unfair Competition:**
4  
5  Because Washington law applies and the non-competition and non-solicitation
6  provisions are enforceable, they are not void and $CH_2O$, Inc., is not in violation of Cal.
7  Bus. & Prof. Code § 16600 by attempting to enforce void and unenforceable clauses.
8  Likewise there is no violation of § 17200, because there has been no unfair competition.
9  
10 $CH_2O$, Inc., has done nothing more than enforce its rights, as it is allowed to do under the
11 controlling Washington law. Plaintiffs' motion for partial summary judgment on these
12 issues should be denied.

13  DATED this 21st day of September, 2012.
14
15                              DAVIES PEARSON, P.C.

16                              s/Peter T. Petrich
                                PETER T. PETRICH, WSB #8316
17                              *Pro Hac Vice*

18                              s/Rebecca M. Larson
                                REBECCA M. LARSON, WSB #20156
19                              *Pro Hac Vice*

20                              Attorneys for Defendant $CH_2O$, Inc.
21                              920 Fawcett Avenue, P.O. Box 1657
                                Tacoma, WA 98401
22                              Telephone: (253) 620-1500

23
24  DEFENDANT'S RESPONSE IN OPPOSITION TO
    MOTION FOR PARTIAL SUMMARY JUDGMENT         **DAVIES PEARSON, P.C.**
25  Page 16 of 17                               ATTORNEYS AT LAW
    s:\0xxxx\087xx\08757\26 (sughroue & bernier)\pleadings\usdc california pleadings\sj resp.with   920 FAWCETT -- P.O. BOX 1657
    cites.doc                                   TACOMA, WASHINGTON 98401
26                                              TELEPHONE (253) 620-1500
                                                TOLL-FREE (800) 439-1112
                                                FAX (253) 572-3052

| | |
|---|---|
| 1 | Facsimile: (253) 572-3052 |
| 2 | ppetrich@dpearson.com |
|   | rlarson@dpearson.com |
| 3 | |
| 4 | SMITH LILLIS PITHA, LLP |
| 5 | |
| 6 | s/James Smith |
|   | JAMES SMITH, #190050 |
| 7 | 115 Sansome Street, Suite 1005 |
|   | San Francisco, CA 94104 |
| 8 | (415) 814-0404 |
|   | Fax: (415) 217-7011 |
| 9 | jsmith@slplawfirm.com |

DEFENDANT'S RESPONSE IN OPPOSITION TO
MOTION FOR PARTIAL SUMMARY JUDGMENT
Page 17 of 17
s:\0xxxx\087xx\08757\26 (sughroue & bernier)\pleadings\usdc california pleadings\sj resp.with cites.doc

**DAVIES PEARSON, P.C.**
ATTORNEYS AT LAW
920 FAWCETT -- P.O. BOX 1657
TACOMA, WASHINGTON 98401
TELEPHONE (253) 620-1500
TOLL-FREE (800) 439-1112
FAX (253) 572-3052